## SMITH *vs.* THE STATE OF GEORGIA.

1. The county court may proceed to try the prisoner for a misdemeanor on written accusation based upon affidavit, unless the prisoner in writing demands indictment by a grand jury. No express waiver of indictment is necessary. Code, §§297, 299.

2. The requisites of the accusation are only that it shall be in the name of the state and signed by the prosecutor, and that it shall distinctly set forth the nature of the offense charged, the time and place of its commission, the person by whom committed, and the fact that it is based upon an affidavit, referring thereto. Code, §299.

3. An affidavit and an accusation for the offense of malicious mischief, which charges that the accused entered a certain edifice, broke and injured an organ, defiled it with ordure, and, at the same time and place, defiled with ordure certain benches and books, charge but one offense though the organ belonged to an individual, and the benches and books to a church. When benches and books in a church edifice are described as the public property of the church, the meaning is, that they are its common property, or for common use by the members or by the congregation.

4. In describing the offense, the accusation need not go beyond a recital of the terms of the affidavit, if these terms are so ample and minute that they would suffice in a regular indictment.

5. Where a church is mentioned by name as the owner of property, the persons composing it need not be specified, unless it appears affirmatively that the church is not a corporation.

6. An accusation does not consist of two counts because, in setting forth acts of malicious mischief (all committed at the same time,) it enumerates some of them in one sentence or paragraph, and the rest in another. Neither are there two counts because some of the property injured was individual property and some of it the property of the church, and because the former, with the injury thereto, is first dealt with in the accusation, and the latter next.

7. The county judge is not required by law to keep in his office a list of the persons whose names are in his jury-box. The list which he is required to make is for use in furnishing the box. Code, §298.

8. After duly convening a jury and testing their impartiality in the manner prescribed by the Code, the county judge may postpone impaneling them and swearing them to try the case, and may require their attendance on a future day, discharging them until that time. The prisoner has a right to have their impartiality tested again before they are sworn, but his failure to ask for or propose it is a waiver of the right.

9. In swearing the jury, if the oath administered deviates from that prescribed by statute, the prisoner should object. Acquiescence

until after the verdict has been returned and the jury discharged, is a waiver of objection.

10. When the jury, in the presence of the court sitting below stairs, retire to the upper story of the court-house to deliberate upon their verdict, going up by a stairway leading directly from the room in which the court sits, the presumption is that the whole up-stairs is a private and convenient place for the deliberations of the jury; and unless it appears that their privacy was invaded, the verdict will not be set aside because no officer was sworn to attend them, or did in fact attend them during the time they were absent, they having returned into court by the same stairway, and it not appearing by the petition for *certiorari* or otherwise that the court did not con tinue to sit at the foot of the stairs during the whole time they were above, or that there was any but the one way to or from the upper story.

11. When a witness testifies that he knows a thing from the best of evidence, though he did not see it take place, the court may allow the examination to proceed for the purpose of ascertaining how he knows it; and when it appears that it is by hearsay, rule out the testimony.

12. That the prosecutor had a regular seat in church, and that the witness did not know where he sat, but has since found out, is not, of itself, illegal evidence. If objectionable, the ground of objection should be stated.

13. The evidence objected to should be specified. Complaint, "That court erred in allowing proof of injury to private property in support of an allegation in the accusation that an injury had been done to public property, this proof being let in over defendant's objection," is too vague and general. Moreover, ' public property," as used in the accusation, is not to to be understood in a strict, but in a loose sense, as indicated in note 3 above.

14. The accusation being under section 4627 of the Code, and being full and minute in setting forth the acts laid to the prisoner's charge, it was unnecessary to read to the jury any of the Code, or to state what particular act or acts had to be proved in order to make out the case. This information was conveyed to the jury by reading to them the accusation, and calling upon them to render a verdict of guilty or not guilty.

15. It was not error to charge the jury that "Before you can convict, you must believe that the prisoner is guilty beyond a reasonable doubt; this doubt must be a reasonable one, not a fanciful doubt. A mathematical certainty is not required ; a reasonable and moral conviction of guilt is all that the law requires." After thus charging, it was not error to decline to add, at the written request of the prisoner, ' The testimony must satisfy the jury to the exclusion of a reasonable doubt that the defendant committed the acts charged,

before the law would justify a verdict of guilty." Several acts were charged. It did not require all of them to render the prisoner guilty.

16. The court having charged, "In order to convict on circumstantial evidence, it must be so strong as to exclude every other reasonable hypothesis than that of the defendant's guilt," and the case being one of circumstantial evidence in respect to the identity of the guilty party, and admitting of no rational controversy as to the fact of the offense having been perpetrated by some person, it was not error to decline to add at the prisoner's written request, "That if there is a reasonable hypothesis consistent with the evidence and the defendant's innocence, it is the duty of the jury to adopt that hypothesis, and acquit the defendant."

17. The court having charged, "The defendant began on his trial with the presumption of innocence in his favor, and that presumption remains until removed by sufficient proof," it was not error to decline to add at the prisoner's written request, "That the defendant is presumed to be innocent, and that presumption remains with and fully protects him until it is removed by the proof."

18. There being evidence of flight to avoid arrest, it was not error to charge the jury, "That it is allowed to be proved, when a party attempts to escape or get out of the way of the arresting officer; that is only a circumstance which is allowed to be considered by the jury, like other circumstances, looking to all the surroundings, etc., at the time." The court having so charged, it was not error to decline to add at the prisoner's written request, "That flight is very slight evidence of guilt in any case, and ought not to weigh anything when satisfactorily explained." Whether a given fact is evidence or not is for the court, but whether it is slight, or what weight it should have, is for the jury.

19. It was not error to decline to charge at the prisoner's written request, "That if the jury believe anybody else could have committed this crime, consistently with the evidence, they ought to acquit the defendant." Acquittal should not result from a mere possibility of innocence.

20. The jury are to act as a body, and should be charged as a body. The individual jurors are not to be addressed in the charge in a way to discourage mental harmony and concert. It is not incumbent upon the court to stimulate their individuality by charging, at the prisoner's written request, "That each juror must be satisfied for himself, from the evidence, of the guilt of the defendant, before he can lawfully agree to a verdict of guilty."

21. What any juror of ordinary capacity would certainly know, need not be delivered as a part of the charge of the court. Thus, it is not error to decline to charge, at the prisoner's written request, "That unless the circumstances connect the defendant with the acts charged, he cannot be lawfully convicted of the crime charged."

Smith *vs*. The State.

22. The court having charged as set out in notes 15, 16, and 17, and also, "That the state brings the charge, and it is incumbent upon the state to prove that a crime has been committed, and must make out the charges substantially," it was not error to decline to add, at the written request of the prisoner, "That the guilt of the accused must be fully proved. A jury, in a criminal case, ought not to convict the defendant until plain and manifest proof of his guilt." Nor was it error to decline to add, at the like request, " That if, after a careful, honest, fair, and impartial examination of all the evidence before you, there remains on your minds a reasonable doubt of the defendant's guilt, then you should give the defendant the benefit of that doubt and acquit."

23. The court having charged, " That all witnesses are to be believed unless impeached in some of the known methods of the law; a witness may be impeached by evidence of general bad character, and may be impeached by evidence of contradictory statements, and by contradictory statements of his, and either on the stand under oath or not; and you may consider the same; you look to all the facts; the witnesses on the stand and their conduct is a matter for you," it was not error to decline to add, at the written request of the prisoner, " That all witnesses are to be believed unless impeached in some of the known methods of the law; a witness may be impeached by evidence of general bad character, and may be impeached by contradictory statements; the extent of the impeachment is a question for the jury; if in your judgment any witness has been successfully impeached, you would be at liberty to set his evidence aside." As there was no evidence touching general character, both the charge and the request were, to that extent, irrelevant. 57 *Ga.*, 284 (9). Besides, there were facts tending to corroborate the contradicted witnesses, and the request makes no reference to corroboration.

24. There being evidence that the prisoner threatened to commit the malicious outrage of which he was accused and for which he was put upon trial, it was not error to charge the jury, " That threats is a circumstance which is allowed to be proved, and when proved, then it is with you to decide what weight you will give it, looking to the time when made, and the circumstances surrounding him when made, and looking to all other evidence in the case—did the defendant carry out said threats ?"

25. The judge of the superior court did not err in refusing to sanction the petition for *certiorari*.

BLECKLEY, Justice.