## HUDSON *v.* THE STATE.

1. The fact that the accused fled immediately after the homicide charged to be felonious, may be proved on the trial ; and it is not error for the presiding judge to charge, in effect, that such flight is a circumstance tending to show guilt; that it is only a slight circumstance which may be explained, and if explained to the satisfaction of the jury, should not be

considered as a circumstance against him. The legal effect of such a charge is, that when flight has been proved and satisfactorily explained, it is not to be considered as a circumstance against the accused in determining his guilt; that when proved and unexplained, it is then only a slight circumstance tending to show guilt.

2. When the evidence shows, among other things, that just before the time of the homicide, the accused and the deceased became involved in a quarrel, and the accused being armed with a loaded pistol, on invitation from the deceased, left his work and went out to meet him, that when near together the accused twice shot and mortally wounded the deceased, and in his statement on the trial the accused claimed that at the time he shot, the deceased, armed with an ax, was advancing upon him, it was proper for the presiding judge to instruct the jury on the law of voluntary manslaughter, in connection with that of murder and justifiable homicide.

3. When counsel for the State, on a trial for murder, pursues a line of address to the jury not based on the law nor the facts of the case, which tends to prejudice the jury against the accused, it is a grave infraction of the right of the accused to a fair and impartial trial; and if from the finding or any other circumstance it can be reasonably inferred that the jury were thereby in any way unfavorably affected against the accused, a mistrial should be ordered, or a new trial granted.

(a) But when the presiding judge promptly stopped counsel in such address, and in the hearing of the jury reproved the counsel and pointed out the impropriety of the remarks, and further called the attention of the jury to the fact that such remarks were improper and must not in any manner influence their finding, and fully instructed them as to their duty, and all the evidence in the case being very strong as to the guilt of the accused, the verdict will not be disturbed.

(b) Especially will the verdict not be disturbed when counsel for the accused, without submitting a motion for a mistrial, simply requested the court to confine the counsel for the State in his argument to the evidence in the case.

Argued April 19, — Decided May 5, 1897.

Indictment for murder. Before Judge Candler. DeKalb superior court. February term, 1897.

Terrell Hudson was indicted for the murder of Seab Malcomb, and was found guilty. His motion for a new trial was overruled, and he excepted.

The testimony for the State shows, in brief, that Hudson and Malcomb were laborers upon a farm, and on the day of the homicide were engaged in cutting briers, etc., in the bottoms, working near each other. Malcomb had a dog which he had tied behind the crib, and told Hudson not to turn him loose. Hudson had hunted with the dog on the previous day. After being so told by Malcomb, he went to the house and un-

tied the dog.   After this Malcomb went down the road and asked Hudson who turned his dog loose, to which Hudson replied, " I turned your damned dog loose, God damn you, help yourself."   Malcomb then said, "Come out here."   Hudson laid down his hoe, walked to where Malcomb was, and shot him twice with a pistol, one shot going into his breast, the other sidewise into his neck.   Malcomb had an ax which he had been using in his work, but had left a mattock, which he was also using, at the place where he had been cutting the briers.   The axe was found lying from five to ten feet away from the dead body of Malcomb.   Before he was shot he had his hands doubled up, with nothing in them.   Defendant immediately left the place, and was pursued and arrested about 30 or 35 miles away.   He stated to the man who arrested him that the shooting was purely an accident.   He introduced no evidence at the trial, but made a statement, in brief, that while he was at work Malcomb came with his axe and asked who turned the dog loose, to which defendant replied that he turned him loose to catch a rabbit but meant no harm by it; whereupon Malcomb snatched up his axe saying, "I will cut your damned head off," and made at defendant with the axe, who kept backing and running back, saying, "Seab, don't come on me with that axe," but he kept on coming, and defendant backed five or six steps, and Malcomb got close up and fixed to make a lick, and defendant shot him.   It scared him so badly that he just went on off; they had been good friends, and had had no falling out.

The grounds of the motion for new trial appear in the opinion.

*J. W. Moore* and *T. J. Ripley*, for plaintiff in error.

*J. M. Terrell*, attorney-general, *W. T. Kimsey*, solicitor-general, and *John L. Travis*, contra.

LITTLE, J.   There are several grounds in the motion for new trial which was refused by the court below, on which refusal error is assigned.   These will be considered in detail. The first three are, that the verdict is contrary to law and the evidence, and that there is a strong reasonable doubt as.to the guilt of the accused sufficient to change the form of the ver-

dict. We can not agree to either of these propositions. There is ample evidence in the record to sustain the verdict, which is not contrary to, but in accordance with, the law; nor can we say that the evidence fails to show guilt beyond a reasonable doubt.

1. The court charged the jury that "evidence has been offered to show the flight of the defendant. This is in law a circumstance tending to show his guilt, but, says our law, it is only a slight circumstance. It is a circumstance which the defendant may explain; and if explained to the reasonable satisfaction of the jury, it should not be considered as a circumstance against him." We see no error in this charge. It would have been better, perhaps, to have changed the words so that the jury would have been told that flight was a circumstance that could be considered by them in determining his guilt; as it was put in the case of *Sewell* v. *The State*, 76 *Ga.* 836, and *Smith* v. *The State*, 63 *Ga.* 168. Nevertheless, we are not prepared to say that, as put by the court, there was any error. As qualified and explained, we find no error in the proposition that flight is a circumstance tending to show guilt. *Revel* v. *The State*, 26 *Ga.* 281.

2. The next ground of error assigned is, that the court erred in giving to the jury in its charge the definition of manslaughter and charging the law on that grade of homicide. In a note appended to and approving the grounds of the motion for new trial, the judge explains that both of the counsel for the defendant argued the law of manslaughter to the jury. We do not think there was any error in charging the law relating to voluntary manslaughter, under the facts of the case as they appear by the evidence. We do not mean to intimate that the verdict ought to have been for that offense; on the contrary, we do not think that it should have been, if the main witness to the homicide was credible, of which fact the jury and not this court should determine. It is fair to a defendant on a trial for murder to give in charge the law in relation to a grade of homicide which any of the evidence may point to fairly and legitimately, even if dimly. There was evidence showing that the accused and deceased were in-

volved in a quarrel; by the statement of the accused, it appeared that the deceased was armed with an ax, and advanced upon accused with this weapon. Certainly the defendant was not unwilling to engage in the quarrel, and at least promptly used his weapon. Here at least some of the elements of manslaughter were involved; and the charge in no way injured the accused. If it was not involved under any theory of the evidence or statement, its effect tended to benefit rather than harm the accused; and as the counsel of the accused argued before the jury the law of manslaughter, it ought not now to be complained if the court gave it in charge to the jury.

3. The next ground in the motion for new trial alleges error "because W. W. Braswell, who assisted the State in said prosecution, said in his argument before the jury that it was time some hanging was being done; that these murders were getting entirely too frequent." In approving this ground of the motion, the judge attaches the following explanatory note which is a part of the approval: "Mr. Braswell argued to the jury, after having insisted that this was a case of murder, that they should not recommend to life imprisonment in event of finding a verdict of murder, because such latter punishment would not stop homicides in the State, and such killings as this were too frequent in DeKalb county. At this point I stopped Mr. Braswell, reprimanded him for what he had said as to frequent homicides in DeKalb, told him to confine himself strictly to the law and evidence in this case, and, turning to the jury told them that the argument as made was wrong and that they should not allow themselves influenced by it in the slightest degree." We commend this action of the judge, and feel that we ought not here to refrain from entering a judicial disapproval of the line of address so made. Speaking for myself, I am free to say that had not the judge promptly interposed, stopped the argument and properly instructed the jury, I think a mistrial should have been ordered or a new trial granted. We all understand that counsel, in their zeal and sincere interest in the cause they represent, endeavor to bring the minds of the jurors to the conclusions they themselves have

reached, and without intention to harm or hurt any one, indeed sometimes without a full appreciation of words, indulge in argument and submit reasons for the conclusions sought to be reached, not only foreign to the case, but which, if adopted by the jury, would make their finding dependent on other considerations than the evidence. The right of the accused was to have a fair and impartial trial, and to a verdict rendered alone on the evidence which was before the jury in this case; and whether killings were frequent or infrequent in the locality of the homicide with the commission of which the accused stood charged, was a matter not in evidence, nor should it have been in the minds of the jurors. The fact could not go in evidence. If it went into the verdict, it would be a wrong and illegal finding. In the case of *Washington* v. *The State*, 87 *Ga.* 12, where remarks of a similar nature were made, and the court did not stop the counsel, but undertook to explain the meaning of the remarks used, a new trial was granted by this court, and that decision is here approved. In *Morris* v. *Maddox*, 97 *Ga.* 576, this court held that where improper remarks and argument were used, and the court interposed, rebuked counsel, and properly instructed the jury, under the facts of the case there a mistrial should have been ordered; and as it was not, a new trial for such improper remarks was ordered. In the case of *Ficken* v. *The State*, 97 *Ga.* 813, this court also held, that where there was no motion for a mistrial and it appeared that the injury done the accused was fully corrected by withdrawal of the remarks of the counsel, and also by appropriate instructions to the jury by the presiding judge, the verdict would not be disturbed.

There was no motion for a mistrial here; but it appears from the ground as set out, that the court interposed and stopped counsel making the remarks, at the request of the counsel for the accused. The court then did just what the counsel of the accused asked. Had they asked more, it is possible he might have granted more. In any event the court stopped counsel and properly instructed the jury. We are to assume that the jury, being upright and intelligent citizens, would and did appreciate and act in accordance with this in-

struction of the court.    The evidence in the case was strong as
to the guilt of the accused; and in the absence of a motion
for a mistrial, under all the circumstances, the discretion of
the presiding judge in overruling the motion for new trial on
this ground will not be disturbed.

The next two grounds of the motion can not be considered.
They are predicated on the state of mind of the jurors and
the public arising from a recent trial in the same court.    We
have no official knowledge of the facts in this regard, and can
have none.    No evidence or information relating thereto was
submitted to the presiding judge, nor passed on by him, so far
as the record shows.

The last ground of the motion is that the court erred in not
charging the jury in this case that the defendant's explanation
of the killing removed from him the presumption of guilt.
We think this was a question peculiarly within the province
of, and for determination by, the jury, and we therefore find
no error in the failure of the court to so charge; and on a
careful review of the whole case, we affirm the judgment of
the court below.

*Judgment affirmed.    All the Justices concurring.*