## 19281. DOMINGO *v.* THE STATE.

Argued March 12, 1956—Decided April 9, 1956.

J. *Walter Owens, Owen G. Roberts,* for plaintiff in error.

*John Land,* Solicitor-General, *Eugene Cook,* Attorney-General, *Rubye G. Jackson,* contra.

DUCKWORTH, Chief Justice. ■ Headnotes 1, 2, 3, and 6 require no elaboration. In the following divisions of the opinion we will discuss the questions ruled on in headnotes 4 and 5.

■ Flight is a circumstance from which the jury may infer guilt. *Smith* v. *State,* 63 *Ga.* 168; *Sewell* v. *State,* 76 *Ga.* 836; *Hudson* v. *State,* 101 *Ga.* 520 (28 S. E. 1010); *Barnett* v. *State,* 136 *Ga.* 65 (70 S. E. 868); *Kettles* v. *State,* 145 *Ga.* 6 (88 S. E. 197). "Whether a given fact is evidence or not is for the court, but whether it is slight, or what weight it should have, is for the jury." *Smith* v. *State,* 63 *Ga.* 168 (18) (supra). In *Hudson* v. *State,* 101 Ga. 520, 523 (supra), the court charged the jury that evidence of flight was in law a circumstance to show guilt, but, says our law, it is only a slight circumstance. This court said it would have been better to have charged as was done in *Smith* v. *State,* 63 *Ga.* 168 (supra), and *Sewell* v. *State,* 76 *Ga.* 836 (supra), but went on to say: "nevertheless we are not prepared to say that, as put by the court, there was any error." It is plain that the court was clearly invading the exclusive province of the jury when it charged that evidence of flight was a slight circumstance. But its full harm is underlined in the present case where the charge further departed from the ruling in the *Smith* case by charging that flight when made because of consciousness of guilt is "a slight circumstance of the defendant's guilt and you will so apply it and so consider it in this case." Therefore, we hold that it constituted reversible error for the court to invade the exclusive province of the jury by charging that evidence of flight, if shown to have been due to a consciousness of guilt, is "a slight circumstance of the defendant's guilt, and you will so apply it and so consider it in this case." The weight of such evidence must be determined in all cases by the jury, uninfluenced by expressions of the court as to the weight to be given it.

■ Of course a charge must be considered as a whole, and no excerpt therefrom will be held erroneous if other portions of

the charge completely cure any apparent error in the excerpt. *Aycock* v. *State,* 188 *Ga.* 550 (4 S. E. 2d 221); *Smith* v. *Davis,* 203 *Ga.* 175 (45 S. E. 2d 609); *McDonald* v. *Wimpy,* 204 *Ga.* 617 (50 S. E. 2d 347). The charge here fully and correctly instructed the jury as to the various verdicts they could render, and the penalty provided by law for each such verdict. In this portion of the charge they were told that, if convinced of the defendant's guilt of murder beyond a reasonable doubt, they should convict him and the form of the verdict would be, "We the jury find the defendant guilty of murder," and with such verdict the court would sentence the defendant to death by electrocution. But they had a right to add to that verdict the further words, "and recommend him to the mercy of the court and the defendant would be sentenced to serve the remainder of his life in the penitentiary." The charge instructed the jury in similar fashion on all possible verdicts. Had it stopped there, no valid criticism whatever could have been made of the charge, but that correct charge was followed immediately with the excerpt complained of, which is as follows: "Gentlemen, as I have stated to you, if you find him guilty of murder, write your verdict, 'We the jury find the defendant guilty of murder.' If you stop there that would mean death in the electric chair." The complaint is the failure to instruct or repeat the instruction as to mercy recommendation and the penalty under such verdict. We are aware of innumerable decisions of this court holding that a correct charge is never error because of a failure to give some other correct charge. But we have not such a case here. It is never correct to charge in a murder case that the form of the verdict in case of conviction is: "We the jury find the defendant guilty of murder," and to state that the sentence in case of such a verdict will be death in the electric chair, without adding thereto that the jury has the unrestricted right to add to such a verdict, "however, we recommend the defendant to the mercy of the court, and that such recommendation requires a sentence of life imprisonment."

The excerpt from the charge here attacked is reversible error. Why was that part of the verdict requiring electrocution repeated, while the portion providing for life imprisonment was omitted? A charge should never be subject to such a question, and if it is, a new trial must be ordered.

■ Because of errors in the charge relating to flight, as shown in headnote 4 and division 2 of the opinion, and in the charge giving the form of verdict, as dealt with in the 5th headnote and the 3rd division of the opinion, the judgment denying the amended motion for a new trial is

*Reversed. All the Justices concur.*