29233, 29234. MORSE et al. v. HOLLAND; and
vice versa.

JORDAN, Justice.
Betty Holland, appellee here, filed the will of her
husband, Dennis Holland, for probate in the Chatham
County Court of Ordinary. The daughters of the testator
contested the probate of the will claiming undue
influence, intoxication at the time of execution,
revocation and forgery. After a lengthy hearing the court
of ordinary found for the propounder and a de novo
appeal was taken to the Chatham Superior Court. After
a four day trial a jury found in favor of the will. From
the denial of a motion for new trial, the caveatrices
appeal and the propounder cross appeals.

1. Appellants' first enumeration of error concerns
the charge given by the judge dealing with intoxication.
After charging on the effect of chronic alcoholism, the
trial judge stated to the jury that "If you find that at the
time he executed the will his intelligence, memory, or
judgment was not so impaired and that he did com-
prehend the nature and condition of his property, the
natural object of his bounty, and the scope and meaning of
the provisions of the will, then the will is valid and you
should so find." The appellant contends that in terms of
the caveat taken as a whole this charge is incomplete and
misleading in that it makes no mention of the caveatrices'
other contentions and therefore would confuse the jury. It

appears from the record that a full and complete charge was given on all of the contentions made by the caveat and this portion of the charge when veiwed in connection with the entire charge was not confusing or misleading to the jury. *Dickerson v. Harvey,* 221 Ga. 606 (146 SE2d 310); *Domingo v. State,* 212 Ga. 342 (92 SE2d 520); *Smith v. Davis,* 203 Ga. 175 (45 SE2d 609).

2. Appellants' next contention is that the verdict was brought about by a form of judicial coercion and is therefore void. The facts concerning this contention are as follows: On Friday, December 14, at approximately 5:45 the jury, after some 2 1/2 hours deliberation, informed the court that they were unable to reach a verdict. The following colloquy then ensued: "The Court: You all have had a long week, and I know you're tired, and I don't want to keep you here any longer. What I'm going to do, after a whole week's trial, I would rather not declare a mistrial without giving you any more time to deliberate, but what I'd like to do is to excuse you for the week-end and let you all come back Monday morning and see whether or not you can come to a conclusion and then let me know. The Foreman: May we regroup one more time before you agree to that? The Court: Yes."

This possibility had been previously discussed and approved by counsel for both parties. Although it is not reflected in the transcript, the judge then informed the jurors that since the surrounding parking garages closed at 6:00 o'clock anyone parked in these facilities should make arrangements with the deputy sheriff to get their cars out. After about ten minutes of further deliberation the jury came back and announced its verdict in favor of the will.

Keeping a jury confined for a reasonable time, sending a jury back for more deliberations, and advising them on the desirability of reaching a verdict with well guarded language will not amount to reversible abuse and coercion. In Georgia a trial judge is given considerable latitude as to such matters. *Jones v. State,* 117 Ga. 710 (44 SE 877); *Cato v. State,* 183 Ga. 277 (188 SE 337); *Brown v. State,* 36 Ga. App. 83 (135 SE 513). The continued deliberation here was at the request of the jury and not under the compulsion of the judge, who had

indicated that he would disperse them for the weekend. After a complete review of the facts surrounding the incident we have come to the conclusion that what transpired here does not reach the level of undue intimidation or coercion on the part of the trial court.

3. Having decided this case on the merits in favor of the appellee we do not rule on the cross appeal.

*Judgment affirmed on main appeal; cross appeal dismissed. All the Justices concur.*

SUBMITTED OCTOBER 15, 1974 — DECIDED NOVEMBER 18, 1974.

*Joseph B. Bergen,* for appellants.
*David H. Fritts,* for appellee.