## 50011. GREEN et al. v. THE STATE.

Deen, Presiding Judge.

The crime of burglary is complete when one without authority enters the building of another with intent to commit a theft. Code Ann. § 26-1601. Count 1 of the present indictment alleged entry into a "place of business of Interstate Stations, Inc. with intent to commit a theft therein" and that the defendant "did steal therefrom keys, gum and pennies of the approximate value of $45, property of Interstate Stations, Inc." Count 2 alleged merely entry into a "place of business of Interstate Stations, Inc. with intent to commit a theft." The proof showed that both stations belonged to Interstate Stations,

Inc. In each a person was in charge; one described himself as a manager, the other a tenant. In both cases, however, it appeared that the station was run by a person who was supplied with gasoline, oil and other automotive supplies by Interstate Stations, Inc. and paid for it on a commission basis after sale to retail customers. As to Count 1 there was testimony that the gum, drinks, cigarettes and so forth were purchased and sold by the person in charge separately from the automotive supplies, and that the box of pennies was for purposes of sales tax. *Held:*

1. Ownership of the building was properly laid in Interstate Stations, Inc. It was held in *Boyd v. State,* 4 Ga. App. 273 (2) (61 SE 134) that when one who owns a dwelling and rents a room to a lodger which is burglarized, the ownership of the place burglarized may be laid in either the general or special occupant. It is clear that the alleged corporate owner was placing its service stations in the hands of individual proprietors who ran its business for it and received in exchange a proportion of the purchase price of goods sold. Whether such person was technically a manager or lessee is not, under the evidence here, of great importance, and the fact that one of the places was known as "Fred's Interstate Station" (which does not denote any legal entity) does not require a contrary conclusion.

2. "Where an indictment for burglary alleges, as the purpose of the breaking, the intent to commit a larceny, and where it further alleges, for the purpose of illustrating the intent to steal at the time of the breaking and entering, an actual stealing after the breaking and entering, no description, value, or ownership of any goods intended to be stolen, or actually stolen after the breaking and entering, need be alleged." *Harris v. State,* 46 Ga. App. 319 (2) (167 SE 609). Where value is alleged, the specific amount need not be proved, even under former Code § 26-2401 where it was necessary to prove value (it no longer is). *Moseley v. State,* 70 Ga. App. 610, 611 (1b) (29 SE2d 86). Of the articles listed as stolen in Count 1 of the indictment here, the gum did not belong to Interstate Stations, Inc., but the sales tax pennies and the keys appear to be a part of its business operation. It would have been better not to allege these items; however, failure to

prove conclusively that they were the property of the general rather than the special owner is not a sufficient cause for reversal.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED JANUARY 13, 1975 — DECIDED
JANUARY 30, 1975.

*Horace L. Cheek, Jr.,* for appellants.

*Andrew J. Ryan, Jr., District Attorney, Michael K. Gardner, Assistant District Attorney,* for appellee.