## 52134. DAVIS v. THE STATE.

QUILLIAN, Judge.

Appellant was on first offender probation after entry of a plea of guilty to a charge of theft by taking. On December 12, 1975, he was arrested and charged with the offense of burglary. As a result of the burglary charge, a rule nisi for probation violation was issued and served on appellant. By agreement, the indictment for burglary and the alleged probation violation were jointly tried before the court without a jury. Appellant appeals a finding of guilty of burglary and a violation of his first offender probation. *Held:*

1. The general grounds are without merit. "The evidence . . . must be reviewed on appeal in the light most favorable to the verdict rendered. . ." *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Green v. State,* 123 Ga. App. 286, 287 (3) (180 SE2d 564). Although circumstantial, we find the evidence sufficient. *Terry v. State,* 130 Ga. App. 655 (204 SE2d 372); *Brant v. State,* 132 Ga. App. 631 (208 SE2d 636).

2. Appellant contends there is a fatal variance between the allegation in the indictment that the burglarized home was that of "Don Mulligan" and the state's proof that the burglary occurred in the residence of "Mrs. Don Mulligan." In *De Palma v. State,* 225 Ga. 465,

469 (169 SE2d 801), our Supreme Court adopted the criterion used by the United States Supreme Court for determining whether or not such a variance is fatal: " 'The general rule that the allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense. . .' Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314)." The variance complained of here in the allegata et probata, is the same as that in *De Palma* — ownership. The result is also the same. The variance complained of did not subject the defendant to either of the dangers envisioned by Berger. We find no legal prejudice to appellant. *De Palma v. State,* 225 Ga. 465, supra; *Seabolt v. State,* 234 Ga. 356 (216 SE2d 110); *Dobbs v. State,* 235 Ga. 800 (3) (221 SE2d 576).

3. Also enumerated as error is appellant's assertion that "there was material variation in the allegations of the indictment and the proof adduced in the trial." Specifically, he refers to that portion of the indictment which charged appellant with taking "Christmas gifts of the value of $200.00, one (1) British 303 rifle, of the value of $25.00, one (1) clock radio of the value of $20.00, one (1) piggy bank containing approximately $7.00, all of the total value of $252.00."

The state did prove that Mrs. Mulligan "saw all [her] Christmas packages. . .the gun [that] was in the closet. . . the clock and radio. . .[and] a bank that belonged to my son. . .[containing] about $7.00 and some change" had been taken from inside the house and moved on top of a pool table in the carport.

The essential elements of burglary, as stated by Code Ann. § 26-1601 (Ga. L. 1968, pp. 1249, 1287), are (1) without authority and, (2) with intent to commit a felony or theft therein, (3) the person enters or remains within named structures or vehicles. Thus, the theft of any article is unnecessary to the completed offense of burglary. *Coney v. State,* 125 Ga. App. 52 (186 SE2d 478); *Smith v. State,* 130 Ga. App. 390 (203 SE2d 375). Further,

it is not necessary to allege a description, value or ownership of goods actually stolen to have a valid indictment. *Green v. State,* 133 Ga. App. 802 (213 SE2d 60). Accordingly, the allegation of value of items taken in a burglary is surplusage and the state is not obligated to prove "mere surplusage" in an indictment. *Wood v. State,* 69 Ga. App. 450 (26 SE2d 140); *Smith v. State,* 130 Ga. App. 390 (1), supra; *Green v. State,* 133 Ga. App. 802 (2), supra. Even if it were error to fail to prove value of items alleged to be taken in a burglary, where that portion of the indictment is "mere surplusage," appellant must show harm as well as error to obtain reversal from an appellate court. *Chenault v. State,* 234 Ga. 216 (2) (215 SE2d 223); *Brooks v. State,* 236 Ga. 108 (223 SE2d 79). We find no harm or prejudice to appellant and the variance complained of in this enumeration did not subject him to a violation of Berger v. United States, 295 U. S. 78, supra.

4. The remaining enumerations are without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED MAY 5, 1976 — DECIDED JUNE 18, 1976.

*James I. Wood,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., W. Don Thompson, Assistant District Attorneys,* for appellee.