## 55000. RAMSEY v. THE STATE.

BIRDSONG, Judge.

Appellant was convicted, by a jury, of one count of rape and one count of incest. He brings this appeal, enumerating 22 alleged errors. *Held:*

1. Enumerated errors 1 through 5 attack the sufficiency of the evidence. Except for the corroboration requirement, the victim's testimony, alone, would support the verdict under the "any evidence" rule (*Bethay v. State,* 235 Ga. 371, 376 (219 SE2d 743)). Furthermore, the corroborative evidence was sufficient. "The quantum of corroboration needed in a rape case is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. *Morgan v. State,* supra; *Dobbs v. State,* 214 Ga. 206 (104 SE2d 121) (1958). Furthermore, it is not necessary that expert medical testimony be introduced to corroborate the actual consummation of the rape. *Mitchell v. State,* 225 Ga. 656 (171 SE2d 140). Slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury. If there is any corroborating evidence, we will not go behind the jury and pass upon its probative value. *Morgan v. State,* supra; *Dorsey v. State,* 204 Ga. 345 (49 SE2d 886) (1948). The evidence supports the verdict." *Burnett v. State,* 236 Ga. 597, 598 (225 SE2d 28). Similarly, the evidence as to incest also supports the verdict. Accordingly, these enumerations are without merit.

2. Enumerations of error 6 and 7 relate to the trial court's refusal to require the victim to be (1) displayed to the jury during voir dire and (2) present at the call of the

case. The record reveals that the jury was asked during voir dire whether they knew the prosecutrix personally; the response was negative. Furthermore, the record shows that appellant declined to ask any questions of the jury regarding their personal knowledge, if any, of the prosecutrix, but instead argued strenuously that his right to voir dire had been abridged by the prosecutrix' absence. Appellant apparently contends, however, that he would have attempted to impanel a juror having personal knowledge of the prosecutrix' reputation, or, in other words, that the trial court abused its discretion by failing to allow appellant to impanel a partial and prejudiced juror. This contention is meritless.

3. Appellant enumerates as error the trial court's issuance of an order which prohibited the state's counsel from interviewing the defendant's infant daughter other than "for a period of thirty minutes under the auspices of the Juvenile Court... and at the direction of [the] Judge ... of said court...." "Harm as well as error must be shown to authorize a reversal by this court ..." *Robinson v. State,* 229 Ga. 14, 15 (189 SE2d 53). Even assuming the existence of error, we feel not only that appellant has failed to demonstrate any possible harm, but, in fact, that the trial court's order was beneficial to appellant in that the child was thereby protected against undue influence or coercion. As to appellant's attempt to expand his brief to contain additional errors not raised at trial or enumerated as error, we note that "[a] brief cannot supply an enumeration of error." *Leniston v. Bonfiglio,* 138 Ga. App. 151, 153 (226 SE2d 1). Moreover, "[w]here enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision." *Cauley v. State,* 137 Ga. App. 814, 815 (224 SE2d 794). This enumeration of error is without merit.

4. Appellant contends that the trial court erred in refusing to admit evidence, for impeachment purposes, of the prosecutrix' prior record of misdemeanor firearm violations; specifically, carrying a concealed weapon and failing to register a firearm. " 'A witness can not be impeached by introducing a record of his conviction for misdemeanor, it not appearing that the offense for which

he was found guilty was one involving moral turpitude.' [Cits.]" *Groves v. State,* 175 Ga. 37, 42 (164 SE2d 822). While the legal definition of "moral turpitude" is at best amorphous, "moral turpitude" has been defined as " '. . . an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man, or to society in general, contrary to the accepted and customary rule of right and duty between man and man.' [Cit.]" *Huff v. Anderson,* 212 Ga. 32, 34 (90 SE2d 329). It would appear, then, that a crime involving moral turpitude would be a crime malum in se, rather than mere malum prohibitum. Id., p. 34. A misdemeanor firearm violation is not a crime malum in se and therefore does not involve moral turpitude. This enumeration is meritless.

5. Appellant complains of the admission of certain allegedly hearsay testimony. The transcript reveals that a portion of the testimony to which appellant refers was in fact kept from the jury, while another portion was qualified by the trial court with a curative instruction. As to these portions of the testimony, then, appellant's contention is without merit. *Ramey v. State,* 238 Ga. 111, 112 (230 SE2d 891). In the remainder of the testimony to which appellant objects, the investigating officer testified that he searched appellant's house for a knife described by the victim. This testimony was admissible to explain the officer's conduct. Code Ann. § 38-302; *Coleman v. State,* 124 Ga. App. 313 (183 SE2d 608). This enumeration is without merit.

6. Appellant's contention that the trial court's charge: "The defendant's plea of not guilty is no evidence of his innocence," unconstitutionally shifted the burden of proof is controlled adversely by the holding of this court in *Hairston v. State,* 142 Ga. App. 235 (1) (235 SE2d 657), where it was held: "The charge is a correct statement of law and cannot be construed as being an impermissible burden shifting charge." This contention is without merit.

7. In charging the jury, the trial court correctly read the indictment, which charged appellant with the offenses of rape and incest. Immediately thereafter, the trial court charged that the jury was to determine "whether the [appellant] is guilty or innocent of the crimes of rape and aggravated assault as charged in this

indictment." No further mention of aggravated assault was made; the remainder of the charge was addressed solely to the crimes of rape and incest. At the conclusion of the charge, the trial court reiterated that appellant had been indicted for two offenses: rape and incest; a final legal definition of both was given. A statement made in a complained-of charge which is nothing more than a mere verbal inaccuracy and which results from a palpable slip of the tongue and clearly could not have misled the jury is harmless. *Siegel v. State,* 206 Ga. 252 (2) (56 SE2d 512). Assuming, without deciding the language complained of to be error, it was rendered harmless by the explicit and accurate instructions immediately preceding it, together with the concluding reiteration and explanation of the offenses charged in the indictment. *Avery v. State,* 141 Ga. App. 92, 93 (4) (232 SE2d 618); *Miller v. State,* 50 Ga. App. 30, 33 (177 SE 82).

8. Appellant complains of the trial court's use of the masculine gender in a portion of its charge concerning the credibility of witnesses. The transcript clearly reveals that the masculine gender was used in the generic sense, and the charge of the trial court was not error. *Wright v. State,* 206 Ga. 644, 645 (58 SE2d 181).

9. Appellant complains that the trial court erred in refusing to charge the jury as to the crime of rape in the precise language requested by appellant. The transcript reveals that the trial court charged verbatim Code Ann. § 26-2001, defining the crime of rape, and further charged the jury as to consent and duress. The trial court also instructed the jury that ". . . the burden of proof is placed upon the state to prove each essential element of the crime made in this indictment beyond a reasonable doubt." Thus, "[i]n its charge the trial court fully covered all the principles of law requested by appellant though not in the precise language requested. Failure to charge in the exact language requested, where the charge given substantially covered the same principles is not error. [Cits.]" *Cohran v. State,* 141 Ga. App. 4, 5 (232 SE2d 355). Similarly, the trial court's charge concerning credibility of witnesses also covered substantially the principles requested by appellant, and the trial court's refusal to charge the exact language requested was not error. There

is no merit in these enumerations.

10. Enumerated errors 16, 17, 18, and 21 devolve upon a determination of whether the crime of incest is "included" in the crime of rape, within the purview of Code Ann. § 26-505. In applying Code Ann. § 26-505, the Supreme Court of Georgia has utilized the more lenient "alternative" test, rather than the narrower "conjunctive" standard prevailing in federal courts. *Pryor v. State,* 238 Ga. 698 (234 SE2d 918). Specifically, the *Pryor* court held that a crime was "included" within another if, as a matter of *fact,* or, "alternatively," as a matter of *law,* the conditions stipulated by Code Ann. § 26-505 were satisfied. The "conjunctive" test requires that the conditions of Code Ann. § 26-505 be satisfied both as a matter of fact *and* as a matter of law before one crime will be held to be "included" within another. Id., p. 700.

An examination of the elements of rape and incest, as set forth in Code Ann. §§ 26-2001 and 26-2006, respectively, reveals that, as a matter of *fact,* if appellant were found to have engaged in sexual intercourse, a necessary element of rape, with his niece, an incestuous relationship proscribed by Code Ann. § 26-2006, then he must necessarily have committed the crime of incest. Thus, applying the "alternative" test enunciated in *Pryor,* supra, it appears that as a matter of *fact,* in the instant case, the crime of incest is "included" within the crime of rape, as intended by Code Ann. § 26-505.

Although Code Ann. § 26-505 provides that "[a]n accused may be convicted of a crime included in a crime charged . . .," Code Ann. § 26-506 prohibits multiple conviction for included crimes. The facts of the instant case, however, reveal that two separate incidents were involved, each established by proof of different facts and distinct as a matter of law. The possibility of "inclusion" as contemplated by Code Ann. § 26-505 is therefore obviated, and separate conviction and sentencing for one count of rape and one count of incest is not prohibited. *Kramer v. Hopper,* 234 Ga. 395, 397 (216 SE2d 119). These enumerations are without merit.

11. Appellant argues that the trial court abused its discretion by allowing the jury to deliberate, upon a request by the foreman, through the late hours of evening

.

on into the early morning. The Supreme Court of Georgia has held, under similar circumstances, that ". . . a trial judge is given considerable latitude as to such matters. [Cits.]" *Morse v. Holland,* 233 Ga. 233, 234 (210 SE2d 734). This enumeration is meritless.

12. The supplying to appellant or his counsel of a list of offenses, the date on which committed, and the disposition thereof ". . . is a sufficient notice to the [appellant] of what the state expects to rely upon and of what it will tender in evidence in aggravation upon the sentence portion of the bifurcated trial. It meets the requisites of Code Ann. § 27-2534." *Peters v. State,* 131 Ga. App. 513, 516 (206 SE2d 623).

13. For the reasons stated above, the trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 16, 1978 — DECIDED FEBRUARY 14, 1978 — REHEARING DENIED FEBRUARY 28, 1978 — CERT. APPLIED FOR.

*Adele Platt, J. M. Grubbs, David S. Marotte,* for appellant.

*Thomas J. Charron, District Attorney, Richard L. Sloss, Assistant District Attorney,* for appellee.