63884. KENNEDY v. THE STATE.

McMURRAY, Presiding Judge.
The defendant was indicted, tried and convicted of a violation of the Georgia Controlled Substances Act in that he did unlawfully sell a controlled substance (marijuana) to another. He was sentenced to

serve a term of three years, two in confinement and the balance on probation. Defendant appeals. *Held:*

The errors enumerated are that the court erred in refusing to grant defendant's motion for directed verdict at the close of state's evidence, the state failed to prove the allegations in the indictment, failed to prove every element of the crime charged and because the evidence does not support the verdict. The state's evidence is that the wife of the person to whom the defendant sold the marijuana, together with her husband, who was an undercover police officer, met the defendant who was employed as a bartender in a certain establishment. At the suggestion of her undercover police officer husband, she asked defendant if he knew where she could buy any marijuana and after a short conversation the defendant and the wife proceeded to an automobile where he opened a briefcase revealing an undetermined amount of plastic bags containing what she described as a "green leafy substance," a "stack of money," "rolling papers," and "paraphernalia, clips." She asked the price and upon defendant telling her it was $30 a bag, she advised defendant she didn't have any money and that her husband would pay him later. She received a bag of the substance (later analyzed as marijuana) from defendant and later gave the bag to her husband, who locked it in his automobile; and at a later time that night the husband asked the defendant how much he owed him, the wife having pointed out the defendant as being the man and to whom he handed the $30. He testified with regard to the purchase of the marijuana that the defendant did state to him that what was owed for the marijuana was $30. He testified that he was paying the defendant for the marijuana and that he tried to pay the defendant earlier but the defendant asked him to wait. The wife's participation in the transaction does not alter the fact that a sale of marijuana was made by the defendant as the seller and that the purchaser was the individual (the undercover police officer) named in the indictment. We find no variance between the proof and the indictment. See *De Palma v. State,* 225 Ga. 465, 469 (3) (169 SE2d 801); *Bell v. State,* 227 Ga. 800, 802 (1) (183 SE2d 357); *Hall v. State,* 120 Ga. 142 (47 SE 519); *Cobb v. State,* 244 Ga. 344, 352-353 (15) (260 SE2d 60). Accord, *McHugh v. State,* 136 Ga. App. 57 (220 SE2d 69); *Ingram v. State,* 137 Ga. App. 412, 415 (3) (224 SE2d 527); *Davis v. State,* 139 Ga. App. 105 (2), 106 (227 SE2d 900). The proof of the case here substantially corresponded to the allegations. The variance was not of a character which could have misled the defendant at trial. *Smith v. State,* 142 Ga. App. 1 (1), 2 (234 SE2d 816); *Ingram v. State,* 137 Ga. App. 412, 415 (3), supra. The enumerations of error are not meritorious.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED MAY 5, 1982.

*David E. Perry,* for appellant.
*Thomas H. Pittman, District Attorney, Arthur W. Leach, Assistant District Attorney,* for appellee.