## A92A0812. WILLIAMS v. THE STATE.
(422 SE2d 309)

BIRDSONG, Presiding Judge.

Eddie Lawrence Williams was indicted and tried for two counts of burglary; he was convicted of Count 1 but found not guilty of Count 2. He appeals his judgment of conviction and sentence. *Held*:

1. The indictment for Count 1 burglary pertinently avers that appellant, on March 16, 1991, did "then and there unlawfully and without authority and with intent to commit a theft therein entered the building known and used as Lillie Cooper School, 1051 Augusta St., Dawson, of Terrell County, Georgia, the owner thereof." The indictment does not aver that any specified property was stolen, and if it had, it would be surplusage. *Davis v. State*, 139 Ga. App. 105 (3) (227 SE2d 900). In any event, the State is not required to establish actual theft of any particular property to support the burglary conviction. The theft of any article is unnecessary to the completed offense of burglary. *Davis*, supra.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the burglary offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant claims the trial court erred in refusing to allow the jury to rehear certain evidence. In support of this contention, appellant cites this court to *Byrd v. State*, 237 Ga. 781, 783 (229 SE2d 631). This case is factually distinguishable from the case at bar. We find for reasons hereinafter discussed that appellant has failed to establish affirmatively by the record that the trial court abused its discretion in refusing to allow the jury to rehear certain evidence as enumerated.

The record reflects that after commencing deliberation the jury informed the trial judge they had "a question about the initial call . . . that was made by . . . David King." No request to review any particular testimony was made in regard to this particular question. The trial court in essence responded by informing the jury that as to questions of fact they needed to resolve the matter among themselves. The trial court then addressed the prosecutor and defense counsel by name. Appellant's counsel, in apparent anticipation that the trial court would inquire whether there was any objection to the explanation given, interrupted the trial court and said, "No, sir, we don't . . .

the facts speak for themselves as in the record for the jury." Thus, appellant acquiesced in the trial court's response to the jury regarding the call of David King. See *Harmon v. State*, 259 Ga. 444 (3) (383 SE2d 874); *Riley v. State*, 180 Ga. App. 409, 411 (349 SE2d 274). Further, the conduct of appellant's counsel in interrupting the trial court and injecting his comment that the facts of record speak for themselves to the jury, aided in causing the failure, if any, of the trial court in further pursuing this issue. One cannot complain of trial procedure utilized by the trial court which his own trial tactics or conduct procured or aided in causing. See *Wilburn v. State*, 199 Ga. App. 667 (2) (405 SE2d 889); *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251). Further, the trial judge did not refuse to replay any particular testimony for the jury regarding the call; rather, he merely refused to select what testimony should be replayed. Compare *Magouirk v. State*, 158 Ga. App. 517, 519 (3) (281 SE2d 283).

The jury also requested to hear the tape of appellant Williams' testimony again. The trial court noted that there exists some question whether rehearing the testimony would place too much emphasis thereon to the jury. Thereafter, the trial court denied the request for an immediate rehearing of the testimony, stating: "Now if you can . . . you all go in and continue . . . your deliberations and then we will . . . pursue that point out here. . . ." Appellant entered no objection on the record to the procedure used by the trial court in disposing of this matter.

" 'Reopening evidence is in the sound discretion of the trial court and will not be disturbed when no abuse of discretion is shown.' " *Smith v. State*, 153 Ga. App. 862, 864 (4) (267 SE2d 289); see also *Pickelsimer v. Traditional Builders*, 183 Ga. App. 709, 711 (4) (359 SE2d 719). Likewise, the trial court has discretion whether to replay testimony for the jury. Of course, jury requests should not be arbitrarily or capriciously denied. Appellant argues that "it is clear from the evidence of misidentification of the stolen items that this testimony being heard the second time would be vital in the decision making process of the jury, therefore the [trial court] erred in not allowing this testimony to be replayed." However, as found in Division 1, a finding by the jury of theft is not necessary to support a burglary conviction. Pretermitting any issue of implied waiver (compare *Magouirk*, supra), appellant has failed affirmatively to show by the record that the trial court abused its discretion in refusing to allow the immediate replay of the evidence following the jury's request.

3. Appellant, citing *United States v. Amaya*, 509 F2d 8 (5th Cir.) and *Burroughs v. United States*, 365 F2d 431 (10th Cir.), asserts that the trial court erred by giving a "time fuse" charge to the jury.

At approximately 5:36 p.m., the trial court, without objection thereto by appellant, sua sponte supplied the following procedural in-

struction to the jury after being informed that the jury was making a little progress but was not very close to a verdict: "Well, what I'm going to do is I'm going to let you deliberate until 6:00 and at 6:00 o'clock if you have not reached a verdict I'm going to bring you back out and let you go home and we'll come back . . . in the morning. *I don't see any sense in staying here late tonight.* But with that instruction you all can return to the jury room and deliberate until you have reached a verdict or until 6:00 o'clock, whichever may occur." At 5:50 p.m., the jury returned a unanimous verdict of guilty of Count 1, burglary, and not guilty of Count 2, burglary.

The case of *Amaya*, supra, and *Burroughs*, supra are factually distinguishable from this case and are not controlling. In *Burroughs*, supra at 434, the trial judge coupled a form of dynamite charge with a charge which in effect entreated the jury to strive toward a verdict by a certain time. The court concluded that the charges viewed in totality "are subject to the clear inference that the judge was unduly anxious to conclude the lawsuit." In *Amaya*, supra at 10-11, the trial court gave a dynamite-type charge and then gave the accompanying time constraint comment which inter alia informed the jury that one other jury had been allowed to deliberate for nine days before they finally reached a verdict. The court concluded that "it is reasonable to infer that the jury in the instant case may have taken from the judge's remark that he was anxious to conclude the lawsuit." No similar charges were given in this case. We are satisfied that the charge of the trial court, as given, created no fair risk that the jury would feel pressured to reach a verdict by 6:00 p.m., or that the charge conveyed to the jury any anxiety on the part of the trial court to conclude the lawsuit. Rather, the charge here given, when viewed in its totality and in relationship to the circumstances confronting the trial court, can reasonably be inferred only to have given the jury administrative guidance as to how long they would be allowed to continue deliberation that evening. Nothing in the charge constituted a form of "verdict urging," and the charge contained no express or implied threats to the jury either that they might be held captive for days until a verdict was reached or that a mistrial might be forthcoming if a verdict was not promptly announced. The trial court exercises wide discretion in controlling and regulating the business of the court, and appellate courts should never interfere with the exercise of this discretion unless it is plainly apparent that wrong has resulted from the abuse. *Gwinnett County v. Vaccaro*, 259 Ga. 61 (3) (376 SE2d 680). This includes the power to determine the length of time that the jury will be allowed to deliberate on a given day. "Keeping a jury confined for a reasonable time, sending a jury back for more deliberations, and *advising* them on the desirability of reaching a verdict with well guarded language will not amount to reversible abuse and coercion. In

Georgia a trial judge is given considerable latitude as to such matters." (Emphasis supplied.) *Morse v. Holland*, 233 Ga. 233, 234 (2) (210 SE2d 734). Not only did the judge give the instruction in this case without a dynamite charge, he set the time limit, using well guarded language, only after being informed by the jury that it was making progress but was not very close to a verdict. Under these circumstances, including the time of day when these events occurred, the court clearly could conclude that the jury was in need of information as to how long they would be allowed to deliberate, and that it was necessary to inform them that there was no need to deliberate late into the night. Such an instruction reflects anything but an anxiety to reach a verdict rapidly. "The need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court." *Peebles v. State*, 260 Ga. 165, 167 (5a) (391 SE2d 639). We find that the trial court did not abuse its discretion under the circumstances of this case, and further that no fair risk exists that appellant was deprived of a fair trial by the instruction given.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED SEPTEMBER 10, 1992.

*Ralph L. Phillips*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.