### 61467. HEATH v. THE STATE.

POPE, Judge.

Henry Calvin Heath appeals his conviction of burglary with intent to rape. His sole enumeration cites as error the trial court's denial of his motion for directed verdict which challenged the sufficiency of the evidence to prove intent to rape.

The evidence showed that on September 29, 1979 the victim awoke at approximately 4:00 a.m. to turn off her radio. As she did so, she was aware of someone standing over her. The victim was scared and began hollering for her mother and stepfather. The person standing over her, later identified as appellant, began choking her. "He . . . had his hands around my neck and I was fighting. Q. Okay, did he touch you anywhere else? A. Well he — seemed like he was trying and that's when I started kicking. I was swinging and kicking. Q. Can you remember where all he touched you? A. No, I — just that he was trying to — like he was trying to — touch me — trying to touch me on my behind or something . . . I was fighting and kicking and then all of a sudden he stopped as he — I was on the bed you know, breathing hard and that's when my stepfather and mother came out [of] the room . . . Q. [W]hen you were wrestling this individual, was he attempting to touch your private parts? A. Well that['s] what made me start to kicking. I was swinging my arms and then when he was going to touch me I started kicking at the same time." The victim's stepfather shot appellant as he fled the house.

"The evidence demanded a finding that the entry into the [house] was without the consent of or authority from the occupant[s] . . . [Cit.] whether the [appellant] entertained an intent to commit a felony [i.e., rape] after entering is a matter for the jury to say, under the facts and circumstances proved. [Cit.] As a general rule the state must, of necessity, rely on circumstantial evidence in proving intent. [Cit.] And the fact that the [appellant] may have failed in accomplishing his apparent purpose does not render a finding of burglary improper. [Cits.] The evidence was sufficient to authorize a finding of intent to commit a felony." *Poole v. State,* 130 Ga. App. 603, 604-605 (203 SE2d 886) (1974). Compare *Williams v. State,* 112 Ga. App. 894 (147 SE2d 50) (1966), and cases cited. Therefore, the trial court did not err in denying appellant's motion for directed verdict. Code Ann. § 27-1802.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

18

*Clark Smith,* for appellant.
*Andrew J. Ryan III, District Attorney, Robert M. Hitch III, Assistant District Attorney,* for appellee.