## 65791. GRICE v. THE STATE.

POPE, Judge.

Robert James Grice brings this appeal from his conviction of burglary. *Held:*

1. "A person commits the offense of burglary when, without authority and with the intent to commit a . . . theft therein, he enters or remains within the dwelling house of another . . . or any room or any part thereof." OCGA § 16-7-1 (a) (formerly Code Ann. § 26-1601 (a)). The evidence of record showed that the defendant entered the basement of the victim's house without authority. The basement door had been kicked in, but nothing had been taken. Defendant explained the circumstances surrounding his presence at the scene and contends on appeal that the state failed to produce any evidence from which the jury could infer that he had intended to commit a theft within the residence of the victim.

Defendant's explanation was not supported by subsequent police investigation. "Whether the defendant entertained an intent

to commit a [theft] after entering is a matter for the jury to say, under the facts and circumstances proved. [Cit.] As a general rule the state must, of necessity, rely on circumstantial evidence in proving intent. [Cit.] And the fact that the defendant may have failed in accomplishing his apparent purpose does not render a finding of burglary improper. [Cits.]" *Poole v. State,* 130 Ga. App. 603, 605 (203 SE2d 886) (1974); *Heath v. State,* 159 Ga. App. 17 (282 SE2d 673) (1981). Our review of the record satisfies us that any rational trier of fact could have found from the evidence adduced at trial proof of defendant's guilt of burglary beyond a reasonable doubt. See *Green v. State,* 158 Ga. App. 321 (1) (279 SE2d 763) (1981); *Bowen v. State,* 128 Ga. App. 577 (1) (197 SE2d 738) (1973); see also *Davis v. State,* 139 Ga. App. 105 (3) (227 SE2d 900) (1976).

2. Since the state's case here was not dependent solely upon circumstantial evidence, the issue raised by defendant's final enumeration of error has no merit. *Griffis v. State,* 163 Ga. App. 491 (2) (295 SE2d 197) (1982).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MAY 20, 1983.

*Jerry L. Causey, Patrick T. Beall,* for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.