71171. RICKS v. THE STATE.
(341 SE2d 895)

SOGNIER, Judge.

Ricks was convicted of burglary and appeals.

1. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal because the State failed to corroborate the testimony of an accomplice. This enumeration of error is without merit.

Clarence Parrish testified that in December 1983 he broke into the home of Mary Stevens on St. Simons Island after hearing that a large safe was in her home. Parrish did not find a safe but later learned that it might be at the residence of Mary Stevens' son, John. On March 8, 1984 Parrish, Walter Manning and appellant tricked John Stevens into leaving his home when Manning called and said he was an ambulance driver, and told John Stevens his mother had been in a serious car accident and had been taken to Savannah Memorial Hospital. When John left his house the three men broke into his home and found a large safe. Parrish attempted to cut open the safe with an acetylene torch he had obtained from appellant. Manning saw a police car driving into the residence and the three men left without getting the safe open. Parrish had driven to the house in a blue van and the other two men drove to Stevens' house in a separate truck. Manning corroborated the testimony of Parrish about the burglary of John Stevens' home and Ricks' involvement therein, except for stating that he remained outside Stevens' home while Parrish and Ricks broke into and entered the house.

When Stevens learned that his mother had not been injured he called Rick McBride, a friend, and asked him to check the house and if he saw any strange cars around to call the police. McBride saw a blue van backed into some trees by Stevens' house and called the police. When Stevens returned his home had been broken into, the safe was damaged and molten metal was on the floor by the safe.

Although appellant contends there is no corroboration of his accomplices' testimony, such testimony was corroborated by the testimony of Mary Stevens that her home had been burglarized at the time stated by Parrish; the testimony of John Stevens concerning the telephone call he received causing him to leave his house and the fact that his home was burglarized; and the testimony of McBride that he saw a blue van backed into the trees behind Stevens' home. Further, where two or more accomplices testify at the trial of an accused, the testimony of one accomplice may be corroborated by the testimony of the other accomplice. *Eubanks v. State*, 240 Ga. 544, 545 (1) (242 SE2d 41) (1978). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal.

2. Appellant contends the trial court erred by admitting into evidence a newspaper article which referred to appellant's previous conviction for counterfeiting.

After a State witness was shown through cross-examination to have made statements at a pretrial hearing which conflicted with his testimony at trial as to the amount of money the burglars expected to find in the safe, the defense called two newspaper reporters who testified that the witness (a police investigator) told them the burglars expected to find $250,000 in the safe. The State was subsequently al-

lowed to introduce into evidence a newspaper article written by one of the reporters which included a statement that appellant was in federal custody on a counterfeiting charge. Appellant contends that the exhibit improperly placed his character in issue.

While we agree that the article improperly placed appellant's character in issue, we find the error harmless under the circumstances of this case. The investigator admitted on cross-examination that his testimony at the pretrial hearing as to the amount of money the burglars expected to find was different than his testimony at trial. He explained this by stating that at the time of the pretrial hearing he had not interviewed Parrish and Manning, and after later talking to them and based on their statements, he changed his original figure of $100,000 to $250,000. Assuming, without deciding, that such testimony was contradictory, there was no need to call the reporters to impeach the investigator. Since appellant chose to call the reporters and question them as to what the investigator had told them and what was contained in the article admitted into evidence, the prosecuting attorney was entitled to cross-examine them about the article and have it admitted into evidence. Thus, if any error was committed it was induced by appellant and induced error is not permissible. *Reynolds v. State*, 147 Ga. App. 488, 491 (1) (249 SE2d 305) (1978). Further, the amount of money expected to be found was totally immaterial to the issue of appellant's guilt or innocence. Thus, even assuming it was error to admit the newspaper article into evidence, such error was harmless. The evidence against appellant was overwhelming and it can be fairly said that it was highly probable that any erroneous admission of such evidence did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

3. During trial a tape recording of statements made by Parrish and Manning was admitted into evidence, but a defense objection to playing the tape for the jury was sustained. In closing argument the prosecutor stated in regard to the tape: "Here it is. We put it into evidence. We tried to play it. Defense counsel and the Defendant didn't want it played." Appellant objected to this comment on the ground that he had a valid objection to the playing of the tape which was sustained, and the prosecutor's comment was made to prejudice appellant's right to a fair trial. Appellant's motion for a mistrial was denied and the court instructed the jury that they could not consider any matters which the court had ruled were inadmissible. The jury was also instructed not to speculate as to why the court ruled anything inadmissible, since it was the court, not the jury, who determined whether evidence was admissible or inadmissible. Appellant argues that the court's curative instructions were not sufficient to cure the error and his motion for a mistrial should have been granted.

A trial court has broad discretion in ruling on a motion for a mis-

trial, and this court will not disturb such a ruling in the absence of a manifest abuse of that discretion and a mistrial is essential to preserve a defendant's right to a fair trial. *McCormick v. State*, 152 Ga. App. 14, 15 (2) (262 SE2d 173) (1979). Here, the prosecuting attorney was not stating anything not already known to the jury; namely, that the tape was admitted into evidence and the defense objection to playing the tape was sustained. Although the prosecutor's comment may have been inappropriate, the trial court's curative instructions were sufficient to cure any error. Under such circumstances we find no abuse of discretion in denying appellant's motion for a mistrial.

4. Appellant contends error in the court's charge on burglary when it stated: "That the defendant did not accomplish his apparent purpose would not prevent a finding of his guilt of the offense of burglary." Appellant argues that this charge was an expression of opinion by the court that appellant tried to steal money and was unsuccessful. This argument is without merit.

The charge was adjusted to the evidence and was not an expression of opinion, but was a correct statement of the law. A burglary is completed when a person enters the dwelling house of another without authority and with intent to commit a felony or a theft therein, OCGA § 16-7-1 (a), regardless of whether or not he accomplishes his apparent purpose. *Grice v. State*, 166 Ga. App. 706, 707 (1) (305 SE2d 438) (1983). Hence, there was no error in the charge.

5. Appellant's motion for a new trial is not included in the record. However, accepting appellant's statement in his brief that it was based on the same grounds enumerated here, it was not error to deny the motion for a new trial.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 17, 1986 —
REHEARING DENIED MARCH 5, 1986.

*Randall M. Clark*, for appellant.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.