S91G1111. THOMAS v. THE STATE.
(413 SE2d 196)

HUNT, Justice.

We granted certiorari in this case to consider whether after acknowledging that the defendant's armed robbery and theft by receiving convictions were mutually exclusive, the Court of Appeals properly affirmed the conviction for armed robbery and vacated the conviction for theft by receiving. *Thomas v. State,* 199 Ga. App. 586 (405 SE2d 512) (1991).

Relevant to the cert. issue are the following facts: Thomas and a co-defendant, Armour, were charged with the armed robbery of a car and of receiving the car as stolen property. Armour was convicted only of the receiving charge. Thomas, unlike Armour, was identified at the scene by the victim and was later arrested with Armour in possession of the car. As to Thomas, the evidence was in conflict with

respect to both charges but it authorized a conviction of either. Thomas received consecutive sentences of twenty and ten years for armed robbery and the theft by receiving convictions respectively. The Court of Appeals, relying on the concurring opinion in *United States v. Gaddis*, 424 U. S. 544 (96 SC 1023, 47 LE2d 222) (1976), held that the problem created by the mutually exclusive convictions could be remedied by allowing the armed robbery sentence to stand and by vacating the theft by receiving sentence. For the reasons that follow, we reverse.

1. There is no doubt that one cannot be convicted of both robbery of a vehicle and theft by receiving that vehicle. "The offense of theft by receiving is intended to catch the person who buys or receives stolen goods, as distinct from the principal thief." *Sosbee v. State*, 155 Ga. App. 196, 197 (270 SE2d 367) (1980). An essential element of the crime of theft by receiving is, "that the goods had been stolen by some person other than the accused. . . ." *Austin v. State*, 89 Ga. App. 866, 868 (81 SE2d 508) (1954).

In *Milanovich v. United States*, 365 U. S. 551 (81 SC 728, 5 LE2d 773) (1961), a divided United States Supreme Court reversed similar convictions because

> there is no way of knowing whether a properly instructed jury would have found the [defendant] guilty of larceny or of receiving. . . . Thus we cannot say that the mere setting aside of the shorter . . . sentence sufficed to cure any prejudice resulting from the trial judge's failure to instruct the jury properly. It may well be, . . . that the jury, if given the choice, would have rendered a verdict of guilty on the larceny count, and that the trial judge would have imposed the maximum . . . sentence on that count alone. But for a reviewing court to make those assumptions is to usurp the functions of both the jury and the sentencing judge.

Id. at 555-556.[1]

The Court of Appeals acknowledged the reasoning of *Milanovich* but relied, instead, on the rationale of *United States v. Gaddis*,

---

[1] The *Milanovich* dissent, articulated by Justice Frankfurter, urged that under the *Milanovich* facts there were two separate and distinct criminal events separated by time and circumstances. In Kurtz, Criminal Offenses & Defenses in Georgia, p. 591 (3d ed. 1991), reservation is expressed whether these crimes would be mutually exclusive where the facts demonstrated the "retention or disposing" of stolen property rather than the receipt of it. OCGA § 16-8-7. Compare *Redding v. State*, 192 Ga. App. 325, 328 (384 SE2d 910) (1989) (Beasley, J., dissenting), and 25A EGL, Receiving Stolen Goods, § 23 (1986). Because this issue is not before us, we express no opinion whether armed robbery and theft by receiving, where the indictment alleges retaining stolen property, are mutually exclusive.

supra, 424 U. S. 544, as set forth in the concurring opinion of Justice White:

> It may be concluded with satisfactory certainty that the jury, having convicted for both offenses, would have convicted of robbery if it had been properly instructed. The verdict on the robbery count shows that the jury found each element of that offense to have been established beyond a reasonable doubt. That the jury went on to find that the defendant also [received] the proceeds of the robbery — whether on a different date and on different proof or not — casts no doubt on the trustworthiness of the findings on the robbery count . . . for those findings [on the theft by receiving count] are factually consistent with the findings on the robbery count.

Id. at 551.

The previous interpretations of the receiving statute by our Court of Appeals do not permit us to agree with the *Gaddis* conclusion that the findings on one charge are factually consistent with the other. Is it consistent for a jury to find that Thomas received stolen property (meaning, under *Austin*, supra, that he did not rob or steal it) and at the same time, by its conviction of robbery, find that Thomas stole the car? We decline to indulge in the assumption that the jury was not confused and that it would have, had it been properly charged, convicted Thomas of robbery. Because the jury cannot, legally or logically, convict Thomas of both, doubt as to the robbery conviction remains and a new trial must be granted.

2. Under the circumstances illustrated by the facts of this case, a jury must be instructed that it can convict of either (where the evidence so authorizes, as it does here), but not both.

*Judgment reversed. Clarke, C. J., Weltner, P. J., Bell, Benham and Fletcher, JJ., concur.*

DECIDED FEBRUARY 13, 1992.

*William V. Hall, Jr.*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Gregory A. Adams, Assistant District Attorneys*, for appellee.