## A93A1810. SUMNER v. THE STATE.
(437 SE2d 855)

BIRDSONG, Presiding Judge.

James Sumner appeals his conviction, judgment and sentence for aggravated assault with a deadly weapon, for shooting David Youngblood in the neck. According to the evidence construed most favorably to the jury's finding of guilt (*Williams v. State*, 205 Ga. App. 445 (422 SE2d 309)), the victim was moving out of a trailer which he rented from appellant when appellant approached him. The two exchanged words and the victim shoved or struck appellant. Appellant returned to his truck, got his gun, and, according to bystander witnesses who watched from another trailer, approached the victim and said words to the effect of "Do you want me to blow your brains out?" and then shot the victim. The victim was holding a tire and had made no threatening gesture to appellant after appellant approached him with the gun. Appellant contended he acted in self-defense, or that the gun went off accidentally when he slapped the victim.

The indictment alleged two counts of aggravated assault: assault with intent to murder (Count 1), and assault with a deadly weapon (Count 2). The jury returned a verdict of the lesser included offense of simple assault as to Count 1, and aggravated assault with a deadly weapon as alleged in Count 2. The trial court struck the simple assault verdict and sentenced appellant for aggravated assault with a deadly weapon, as alleged in Count 2. Appellant enumerates six errors. *Held*:

1. Appellant attempted to comply with Court of Appeals Rule 15 (a) (1) by restating the alleged errors. This is not compliance with the rule. If an objection, exception, motion for mistrial, motion in limine or other appropriate action is not taken so that the trial court may correct the error when or before it occurs, it usually cannot be considered on appeal. Appellants must set forth the method, i.e., the objection, exception or motion, by which the error was "preserved by consideration" on appeal.

2. Appellant contends the trial court erred in failing to charge the defense of accident even though no written request was made. Appellant was not entitled to the charge. The defense of accident is available where it "satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." OCGA § 16-2-2. Appellant went to his truck to get his gun with the intent of using it toward the victim for intimidation, bravado or protection. If he used the gun for intimidation or bravado, the shooting was not an accident, especially since he had the opportunity to leave the scene. See *Keye v. State*, 136 Ga. App. 707 (222 SE2d 172). On the other hand, if appellant shot the victim in self-defense as he also claims, he is not entitled to a charge on accident, for the defenses of self-defense and acci-

dent are inconsistent. *Fields v. State*, 167 Ga. App. 816 (307 SE2d 712).

3. Appellant contends the trial court erred by giving the *"Allen"* charge without cautioning the jurors that they should not surrender honest opinions. See *Willingham v. State*, 134 Ga. App. 603, 607 (215 SE2d 521). This complaint is without merit in fact. The trial court did caution the jury that its verdict had to be unanimous and not a mere acquiescence, and that each juror was bound to examine the issues with candor and fairness.

4. Appellant contends the trial court erred in failing to instruct the jury it could convict the defendant of either assault with intent to murder (Count 1), or assault with a deadly weapon (Count 2), but not both. See *Thomas v. State*, 261 Ga. 854 (413 SE2d 196). We find no reversible error. The jury convicted appellant of assault with a deadly weapon (Count 2); as to Count 1 (assault with intent to murder), the jury found simple assault. These offenses are not inconsistent within the meaning of *Thomas*. The jury merely found that appellant did assault with a deadly weapon, but not with the intent to murder.

Moreover, the trial court resolved any error by setting aside the simple assault verdict and sentencing appellant only for assault with a deadly weapon. Appellant says that under *Thomas*, the trial court should have struck the verdict for assault with a deadly weapon and sentenced him for simple assault. However, *Thomas* involved convictions for inconsistent crimes, so the appellate court could not speculate which offense the jury would have found if the counts had been merged before consideration. In this case, we need not speculate. There is no doubt the jury found appellant guilty of an assault made with a deadly weapon but not with intent to murder. The jury found an assault, and it is undisputed he used a deadly weapon, so appellant was not entitled to a conviction for simple assault merely because the jury did not find he assaulted with intent to murder.

Appellant's complaint is that "it may well be that the jury, if given the choice, would have rendered a verdict of guilty of simple assault on Count One alone." This is obviously not true, for the jury was instructed that it must acquit as to any charge not proved beyond a reasonable doubt.

5. It follows that the trial court did not err in sentencing appellant for assault with a deadly weapon.

6. Appellant contends he was not afforded effective assistance of counsel at the trial. This issue was heard by the trial court in the hearing on motion for new trial and found lacking. A defendant must show not only that counsel's performance was deficient, but that the deficiency prejudiced the defense. *Jowers v. State*, 260 Ga. 459 (396 SE2d 891).

The failure to give notice under *Chandler v. State*, 261 Ga. 402,

407 (405 SE2d 669) of intent to present evidence of acts of violence by the victim known to appellant at the time of the assault, did not cause harm. The evidence shows without dispute that appellant had the opportunity to walk away from a confrontation. Instead, he went to this truck and got his gun and returned for another confrontation. "Other acts" of violence by the victim known to appellant were irrelevant as they had no effect on the course of events, as a matter of fact. Although appellant says such evidence would show his state of mind at the time, the evidence shows his state of mind was such that rather than take his chance to leave, he chose to reconfront the victim with a gun.

Although appellant contends trial counsel was deficient in failing to interview witnesses, he does not suggest what, if anything, other witnesses would have added to his defense.

7. Appellant contends the trial court erred in failing to conduct an in-camera inspection of the State's files prior to trial. Appellant has not complied with the requirements of *Tribble v. State*, 248 Ga. 274, 275 (280 SE2d 352), and has not suggested to us that there was any exculpatory evidence to be revealed or discovered. The burden to show affirmatively not only error, but harmful error, is on appellant, but has not been sustained. See *Johnson v. State*, 198 Ga. App. 316 (401 SE2d 331).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 10, 1993.

*Thomas H. Pittman*, for appellant.
*Donnie Dixon, District Attorney, John A. Rumker, Assistant District Attorney*, for appellee.

