A96A0884. JENKINS v. THE STATE.
(477 SE2d 608)

McMURRAY, Presiding Judge.

Defendant was indicted for operating a motor vehicle after having received notice that his driver's license had been revoked for being a habitual violator, driving under the influence of alcohol to the extent that it was less safe for him to drive, operating a motor vehicle without proof of insurance, operating a motor vehicle without insurance, and driving too fast for conditions. The evidence adduced at a jury trial reveals that defendant drove a car into the rear of a "Savannah Transit CAT bus" shortly before 7:00 p.m. on December 24, 1993. Officer Lucy Coleman of the Savannah Police Department testified that she arrived at the scene immediately after the collision, found defendant "behind [the wrecked car's] driver's wheel slumped over" and smelled alcohol emanating from defendant's body. Officer Coleman further testified that defendant was "mumbling and . . . was very incoherent . . ." after the collision; that defendant stumbled twice as she led him to her patrol car and that defendant gave her a "Georgia State ID card" instead of a driver's license when she asked him for his driver's license and proof of insurance. Officer Coleman explained that she ran an on-the-scene check of defendant's driving record and discovered that defendant held the status of a "habitual violator."

Department of Corrections Probation Officer Wanda Miller testified that she observed defendant receive a form providing notice of defendant's driver's license revocation and habitual violator status on June 29, 1993, almost six months before defendant rear-ended the "Savannah Transit CAT bus." Officer Miller also testified that she witnessed defendant sign this form under a section which provides — "I HAVE PERSONALLY RECEIVED SERVICE OF HABITUAL VIOLATOR REVOCATION ORDER"; that she acknowledged defendant's

signature by signing the habitual violator notice form as a witness and that this transaction occurred in open court before the State Court of Chatham County, Georgia. Defendant did not dispute this testimony, explaining instead that he did not understand the acknowledgment form when he signed it because he "could have been intoxicated at the time. . . ." Defendant further explained that, although he executed the habitual violator notice form on June 29, 1993, he "officially . . . wasn't notified from Atlanta —" about his habitual violator status until January 8, 1994, over two weeks after the "Savannah Transit CAT bus" collision when he received a habitual violator notice, via registered mail, from the Georgia Department of Public Safety.

Defendant admitted on cross-examination that he did not have proof of insurance on him when he rear-ended the "Savannah Transit CAT bus," but insisted that the car he was driving was insured at the time of the collision. Defendant volunteered (upon direct examination), however, that he did not bring his insurance card (apparently evidencing proof of this coverage) to trial "because [he] sold the vehicle sometime last year[, during 1994]." The driver of the "Savannah Transit CAT bus" testified that he was injured by the collision and that defendant did not have automobile liability insurance coverage at the time of the collision.

The State proved that defendant was convicted less than six months before the "Savannah Transit CAT bus" collision for committing four separate acts of driving under the influence of alcohol; that these convictions were based on guilty pleas defendant entered before the State Court of Chatham County on June 29, 1993, and that the separate incidents underlying these prior driving under the influence of alcohol convictions occurred less than 11 months before defendant rear-ended the "Savannah Transit CAT bus." The State also proved that defendant wrecked his car less than eight months after the "Savannah Transit CAT bus" collision and that this collision occurred after defendant had been notified that his driver's license had been suspended because of his status as a habitual violator.

The jury found defendant not guilty of driving too fast for conditions, guilty of operating a motor vehicle after having received notice that his driver's license had been revoked for being a habitual violator, guilty of operating a motor vehicle without proof of insurance, and guilty of operating a motor vehicle without insurance. The jury could not reach a verdict as to the driving under the influence charge. This appeal followed. *Held*:

1. Defendant's first enumeration of error contends that "[t]he trial court [erred] in allowing similar acts into evidence where the District Attorney had not announced a clear purpose for the use of such evidence." In addition, defendant argues that the trial court's

"instruction to the jury never limited the jury to one specific purpose for the admission of similar acts." These assertions are not supported by the record.

During a pre-trial hearing conducted pursuant to the Supreme Court's directives in *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649), the State proffered the testimony of Officer Darlene Johnson of the Savannah Police Department. Officer Johnson testified that she observed circumstances which compelled her to charge defendant with driving after having been declared a habitual violator. The State's attorney stated that Officer Johnson's testimony was relevant to prove defendant's independent action, plan, scheme, state of mind or course of conduct in operating a motor vehicle after having received notice that his driver's license had been revoked because of his status as a habitual violator. This explanation not only provided the trial court with relevant purposes for which the similar transaction evidence was being offered, the trial court's jury charge as to the limited purpose of "other transactions" evidence properly narrowed the scope for which Officer Johnson's testimony was offered. *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638). To this extent, the trial court's jury charge instructed as follows: "Ladies and gentlemen, sometimes evidence is admitted for a limited purpose, and now I'm talking about the evidence of other transactions for which defendant is not on trial. Such evidence is to be considered by the jury for the sole issue or purpose to which the evidence is limited and not for any other purpose. The law provides that evidence of other offenses of this defendant that are similar in terms of common design, scheme, plan, course of conduct, motive, location in time or place or other factors to the offense for which the defendant is on trial may be admissible and may be considered for the limited purpose of showing, if it does, the defendant's state of mind or course of conduct. Such evidence, if any, may not be considered by you for any other purpose. The defendant is on trial for the particular offense or offenses charged in this Indictment only. The Court does not express any opinion as to whether the defendant has had any other offenses. This is a matter solely for your determination."

The State also proffered the testimony of three Savannah Police Department law enforcement officers who each had arrested defendant on separate occasions in 1993 for serious traffic violations. These officers described defendant's involvement in four different traffic incidents during 1993, all of which resulted in separate convictions against defendant for driving under the influence of alcohol. Certified copies of these convictions were tendered and admitted into evidence at trial. The State's attorney stated that these officers' testimony as well as certified copies of defendant's prior driving under the influence of alcohol convictions are relevant to prove defendant's

independent act, plan, scheme, state of mind or course of conduct in operating a moving vehicle while under the influence of alcohol to an extent that it was less safe for him to drive. Again, these explanations were sufficient to inform the trial court of relevant purposes for which these officers' testimony and defendant's prior driving under the influence of alcohol convictions were being offered. And contrary to defendant's assertion, the trial court's "other transactions" jury instruction properly narrowed the limited scope for which this "other transactions" evidence was offered. *Kirkland v. State*, 206 Ga. App. 27, 28 (3), supra.

2. Defendant next contends "[t]he trial court erred in failing to differentiate between the similar acts entered in the defendants DUI case and the similar act entered in the defendants habitual violator case." We do not reach this issue because it was not raised and ruled on at a time when the alleged error could have been corrected.

"If an objection, exception, motion for mistrial, motion in limine or other appropriate action is not taken so that the trial court may correct the error when or before it occurs, it usually cannot be considered on appeal. Appellants must set forth the method, i.e., the objection, exception or motion, by which the error was 'preserved [for] consideration' on appeal." *Sumner v. State*, 210 Ga. App. 856 (1) (437 SE2d 855). See also Court of Appeals Rule 27 (a) (1). In the case sub judice, we have examined those portions of the trial transcript defendant cited in his statement of the method by which this enumeration was preserved for appellate review and we find no objection pertaining to the issue raised in this enumeration of error. Consequently, since the error alleged could have been raised at trial for remedial action but was not because of defendant's failure to raise the issue at trial, this enumeration presents nothing for appellate review. See *Epps v. State*, 168 Ga. App. 79, 81 (4) (308 SE2d 234).

3. The trial court did not abuse its discretion in reopening the evidence to allow the State's admission of certified copies of defendant's 1993 convictions for driving under the influence of alcohol. *Flynt v. State*, 153 Ga. App. 232, 244 (3) (264 SE2d 669).

4. Defendant contends the trial court erred in refusing to mask purported breath test results which appear as marginal notations (not material elements of the crimes charged) on the certified copies of accusations and guilty plea documents that were admitted as proof of defendant's prior driving under the influence convictions. Defendant argues that these marginal notations should not have been admitted because the State offered no proof regarding the truth or accuracy of the purported breath test results.

Although we share defendant's concern regarding the admissibility of the breath test notations on the accusations and guilty plea documents in question, our review of the record shows that the case

sub judice is a case where overwhelming evidence of defendant's guilt allows affirmance despite any such error. *Groble v. State*, 192 Ga. App. 260 (2) (384 SE2d 281).

5. In his last enumeration of error, defendant contends the trial court erred in denying his motion for mistrial after the State's attorney injected, during closing argument, that he was under the influence of alcohol during trial.

"[T]he wide range of discussion permitted in closing argument does have its limitations, the first and foremost of which is the long-standing prohibition against ' "the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence." ' *Conner v. State*, 251 Ga. 113 (6) (303 SE2d 266) (1983), quoting *Floyd v. State*, 143 Ga. 286, 289 (84 SE 971) (1915). Observance of this constraint is vital to an accused's right to a fair trial." *Bell v. State*, 263 Ga. 776, 777-778 (439 SE2d 480). In the case sub judice, the State's attorney argued (in response to defendant's motion for mistrial) that an alcoholic smell about defendant in the courtroom supported her assertion that defendant was under the influence of alcohol.[1] The trial court rejected this assertion because the court did not believe the jury was within range to evaluate any alleged alcoholic smell about the defendant. The trial court then instructed the jury to disregard the State's attorney's comments with regard to defendant's alleged intoxication at trial and reminded the jury "that the statements of Counsel are not evidence and are not to be considered by [the jury] as evidence."

Although we cannot say with any degree of certainty that the trial court's curative instructions removed any prejudice which may have been injected by the State's attorney's comments, we believe — as demonstrated in this opinion's recital of evidence — that the jury's guilty verdicts are supported by overwhelming evidence. See *Nash v. State*, 179 Ga. App. 702, 704 (5) (347 SE2d 651).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED OCTOBER 11, 1996 —
RECONSIDERATION DENIED OCTOBER 24, 1996 —

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.

---

[1] On cross-examination, defendant responded negatively to the State's attorney's questions regarding his consumption of alcohol on the day of trial. He also denied that he smelled like alcohol on the day of trial.