A97A0980. STANDER v. THE STATE.
(486 SE2d 712)

BEASLEY, Judge.
Stander was charged with five crimes.

Count 1 alleged that on January 17, 1995, Stander committed a burglary by entering and remaining in the dwelling of Tarver without authority and with intent to commit the felony of aggravated assault. Count 2 alleged that, also on January 17, Stander committed an aggravated assault on Priscilla Williams with his hands and feet. Count 3 charged Stander with aggravated assault on Bolton with a handgun on January 22. Counts 4 and 5 charged Stander with committing an aggravated assault and aggravated battery on Williams on January 29.

The jury found him not guilty of Count 2 but guilty of the remaining counts. After merging Count 4 with Count 5, the court sentenced Stander on burglary, aggravated assault (Count 3), and aggravated battery. Stander appeals the judgment and the order denying his motion for new trial.

Stander was Williams' former boyfriend, and Bolton was her new boyfriend. On January 17, Williams invited Bolton to meet her at Tarver's apartment. Construed in a light most favorable to the verdict, the evidence in regard to Count 1 showed that Stander, who was in an intoxicated and belligerent condition, followed her to the apartment and forced his way in. He threatened to kill her and Bolton, who barricaded themselves in the bedroom. Tarver agreed to let Stander remain in the apartment and "sle[ep] it off." Stander only pretended to be asleep, and when Tarver sought entry to the bedroom in order to retrieve an item, Stander broke down the door and burst in. After Williams retreated to the bathroom, Bolton and Stander got into a fight which ended when Bolton stabbed Stander with a pair of scissors. When the police arrived on the scene, Stander was standing at the stairwell leading to Tarver's apartment. After the police allowed Stander to return to the apartment to get his coat, he forced his way into the bathroom and began punching Williams.

As to Count 2, the evidence showed that on January 18 (rather than January 17, as alleged in the indictment), Stander assaulted Williams by beating her with his fist and kicking her. The evidence as to Count 3 showed that several days later, Stander saw Bolton at Tarver's apartment, chased him down the street, and shot at him with a handgun.

As to Counts 4 and 5, the evidence showed that on January 29, Stander again sought out Williams, found her and beat her. This time, he slammed her head into a brick wall and stomped her repeatedly after telling her he intended to kill her. When police found her, she was unconscious and lying in a large pool of blood. The right side of her face had been ripped off, and her skull was visible. She was in a coma for several weeks and remained in the hospital for several months. She required speech therapy, as well as physical therapy in order to learn to walk again, and her face was scarred.

1. Stander enumerates as error the jury charge on burglary.

Under OCGA § 16-7-1 (a), a person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he "enters or remains" within the dwelling house of another. The indictment in this case alleged that Stander did "enter and remain" in Tarver's dwelling. After instructing the jury on both the wording of the statute and the indictment, the court charged that to constitute the offense of burglary, it was necessary only that the evidence show that Stander did "enter or remain" in the dwelling.

In reliance on *Pettway v. State*, 204 Ga. App. 804 (420 SE2d 619) (1992), and *Walker v. State*, 146 Ga. App. 237 (1) (246 SE2d 206) (1978), Stander contends that it was error for the court to charge the jury that the crime could be committed by alternative methods when the indictment charged that it was committed by one specific method.

Those cases are distinguishable. In each, the indictment alleged that the defendant had committed a crime by one method, and the court instructed the jury that the crime could be committed by another method not alleged in the indictment.

Stander's indictment alleged that the crime was committed in more than one way, i.e., conjunctively, and the court charged the jury that the defendant could be convicted if the evidence showed that he committed the crime in either of the ways alleged, i.e., disjunctively. " 'When a defendant is charged with the violation of a penal statute containing disjunctively several ways or methods a crime may be committed, proof of any one of which is sufficient to constitute the crime, the indictment, in order to be good as against a special demurrer, must charge such ways or methods conjunctively if it charges more than one of them. (Cits.) Accordingly, on the trial of a defendant under an indictment so charging, it is not incumbent upon the state to prove all of such separate ways or methods alleged in the indictment, but the state makes a prima facie case upon its establishment by proof of any one of them.' [Cit.]" *Leverenz v. State*, 140 Ga. App. 632, 634 (1) (231 SE2d 513) (1976); see *Lubiano v. State*, 192 Ga. App. 272, 273 (1) (a) (384 SE2d 410) (1989).

Stander nonetheless argues that the variance between the allegations of the indictment and the court's jury charge prejudiced his defense. By reason of defense counsel's imputed knowledge of the above-quoted rule, Stander was on notice that the State could prove his guilt of the offense in either of the ways alleged in the indictment. Moreover, Stander states that his defense was that he did not enter Tarver's apartment with the intent to commit a felony *and* that he remained there with Tarver's consent. Therefore, he can hardly claim that the allegations of the indictment did not enable him to present his defense or that he was taken by surprise by the evidence offered at trial. See *Walker v. State*, supra at 240-241 (1) (b), citing *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801) (1969).

2. Stander contends that the court erred in allowing the State to introduce testimony regarding similar transactions between him and Williams without the pretrial notice and hearing required by Uniform Superior Court Rules 31.1 and 31.3 (B).

On direct examination, Williams was asked why the police were summoned to Tarver's residence on January 17. She responded, "Because [Bolton] and [Stander] got to fighting. [Stander] kicked the door down and came in the bedroom where we was. I ran in the bathroom and tried to hide. . . . And, you know, I already had a black eye he had given me about two days previous to that."

Stander's failure to object to admission of this evidence at trial bars appellate review of the asserted error. See *Riddle v. State*, 208 Ga. App. 8 (430 SE2d 153) (1993). Moreover, the State was not

required to give defendant pretrial notice and a hearing as a condition to admission of the witness' testimony concerning this transaction, because the witness' reference to it was not responsive to the question asked by the prosecuting attorney. Compare id. at 9 (1) (b).

Stander also complains of admission of evidence concerning his January 18 assault on Williams. This evidence was admissible because it concerned, and was introduced to prove, Count 2 of the indictment.

3. Stander charges the court with error in allowing the State to repeatedly place his character in evidence without his having opened the door to such testimony.

The testimony was given by three State's witnesses. Stander cannot complain of the testimony of the first (Eddie Harris, who witnessed the January 29 assault and battery), because it was elicited by defense counsel on cross-examination. A party cannot complain of testimony which he introduced. *Adside v. State*, 216 Ga. App. 129, 131 (453 SE2d 139) (1995). Stander's failure to object to the testimony of the other two witnesses (Tarver and Williams) precludes appellate review. See, e.g., *Jenkins v. State*, 223 Ga. App. 314, 317 (2) (477 SE2d 608) (1996); compare *Ledford v. State*, 202 Ga. App. 694 (1) (415 SE2d 693) (1992).

4. The enumeration regarding the court's jury charge on Count 4 is moot because the court merged Count 4 into Count 5. *Miller v. State*, 223 Ga. App. 453, 454 (2) (477 SE2d 878) (1996).

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 16, 1997.

 Before Judge Coursey.
*Wilburn C. Whitlock, Jr., Bruce S. Harvey*, for appellant.
*J. Tom Morgan, District Attorney, Elisabeth G. Macnamara, Robert M. Coker, Assistant District Attorneys*, for appellee.