A07A1817, A07A2125. CLARK v. THE STATE (two cases).
(658 SE2d 190)

BERNES, Judge.

Following a jury trial, Kenny Ray Clark and Dennis James Clark were each convicted of two counts of burglary, theft by receiving stolen property, obstruction of an officer, use of a license plate to conceal the identity of a vehicle, and criminal trespass. Kenny Clark was also convicted of attempting to elude and driving without a license. In these consolidated appeals, both men argue that the evidence presented at trial was insufficient to sustain their convictions of burglary and theft by receiving and that the trial court erred in denying their respective motions for new trial on the basis of an

---

[19] 282 Ga. 588, 591-592 (1) (652 SE2d 525) (2007).
[20] Id. at 591.

alleged illegal verdict. Additionally, Kenny Clark contends that the trial court erred in denying his motion for a mistrial based on the admission of alleged bad character evidence. For the reasons that follow, we affirm in part and reverse in part.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict. *Sexton v. State*, 268 Ga. App. 736 (1) (603 SE2d 66) (2004). We neither weigh the evidence nor determine the credibility of the witnesses, both of which are in the exclusive province of the jury. Id. Rather, we uphold the jury's verdict if there is evidence sufficient for a rational trier of fact to have found the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So construed, the evidence presented at trial showed that on May 20, 2004, Kenny Clark, his uncle Dennis Clark, and a third person broke into a home located at 2365 Powder Springs Road in Cobb County. After throwing a cinder block through a glass door to gain entry, the trio ransacked the house and took various items. They then went to the neighboring residence located at 2375 Powder Springs Road and broke several windows before successfully gaining entry into that home. Their presence triggered the interior motion detector on the security alarm, causing them to flee without actually taking anything. The security company called 911 at 4:14 p.m. to report a suspected burglary at 2375 Powder Springs Road.

One minute later, at 4:15 p.m., Cobb County Police Officer Ronald Criswell happened to observe a station wagon driven by Kenny Clark pull out of the driveway at the 2375 address. The officer had not yet been notified of the 911 call, but his suspicions were raised when he noticed that both Kenny Clark and Dennis Clark, who was sitting in the front seat, avoided making eye contact with him. He noted further that the rear passenger was staring nervously at him while continuously talking to the front passengers. The officer followed the vehicle in order to run a check on the vehicle's license number. He discovered that the tag on the vehicle was registered to a different car and consequently activated his blue lights and siren.

The station wagon initially accelerated and turned up a side street. It then came to a stop and all three passengers jumped out of the vehicle and fled into the wood line. Concerned for his safety, Officer Criswell requested backup to assist in the pursuit.

A short time later, a citizen reported that two suspicious males had entered a nearby unoccupied home. Officer Criswell and two other officers went to the house and found Kenny Clark and Dennis

Clark hiding in a screened-in porch.[1] Sweating and breathing heavily, the suspects were taken into custody without a struggle. At trial, Officer Criswell identified Kenny Clark as the driver of the station wagon and Dennis Clark as the front seat passenger.

A subsequent inventory of the station wagon revealed a number of items, including a rifle, stolen from the 2365 residence. The son of the elderly owner of the 2365 residence identified the items as belonging to his father. He also testified that he took care of the residence for his father and that the appellants did not have the authority to enter his father's residence.[2]

1. Appellants challenge the sufficiency of the evidence supporting their convictions for the burglary of both the 2365 and 2375 residences and for theft by receiving a rifle stolen from the 2365 residence.[3] In support of this argument, appellants rely on Dennis Clark's trial testimony that he and his nephew had been engaged by the third suspect to help move the items, which the third suspect claimed belonged to him. Dennis Clark maintained that it was not until they saw the officer that the third suspect admitted that the objects had been stolen.

We will not reweigh the evidence on appeal. *Sexton*, 268 Ga. App. at 736 (1). The crime of burglary requires proof that a person "without authority and with the intent to commit a felony or theft therein, . . . enters or remains within the dwelling house of another." OCGA § 16-7-1 (a). The crime is completed upon entry, and does not require that any property actually be taken. *Ricks v. State*, 178 Ga. App. 98, 101 (4) (341 SE2d 895) (1986). The crime of theft by receiving stolen property occurs when one "receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." OCGA § 16-8-7 (a).

Here, Officer Criswell personally observed the appellants exiting the driveway of the 2375 address in a car driven by Kenny Clark within one minute of the internal security alarm being triggered. Several windows had been broken at that residence. The appellants were acting suspiciously. The officer attempted to stop the vehicle after discovering that the license plate on the car did not match the car's registration, but the appellants fled from the scene on foot. They were later found hiding in a different unoccupied home. This evidence

---

[1] The third accomplice in the station wagon was not apprehended.

[2] The testimony of a property's caretaker is sufficient to show that an entry was unauthorized. See *Abney v. State*, 240 Ga. App. 280, 281 (1) (523 SE2d 362) (1999).

[3] The appellants do not present argument nor citation to authority and have therefore waived any challenge to the sufficiency of the evidence as to their remaining convictions. See Court of Appeals Rule 25 (a) (3), (c) (2).

was sufficient to support their burglary convictions as to the 2375 address. See OCGA § 16-7-1 (a). See also *Renner v. State*, 260 Ga. 515, 517 (3) (a) (397 SE2d 683) (1990) (evidence of flight may show consciousness of guilt). The fact that the appellants were unsuccessful in taking anything from the home is irrelevant to their burglary convictions. *Ricks*, 178 Ga. App. at 101 (4).

Upon the appellants' arrest, it was discovered that their vehicle was filled with items, including a rifle, that had been stolen during the burglary of the adjacent house located at the 2365 address. A cinder block had been thrown through the glass door of that residence. Dennis Clark admitted at trial to being with the third suspect who had taken the items. This evidence was sufficient, in conjunction with the evidence cited above, to sustain the appellants' convictions of burglary and theft by receiving as to the 2365 address. See OCGA §§ 16-7-1 (a); 16-8-7 (a). See also *Renner*, 260 Ga. at 517 (3) (a); *Buchannon v. State*, 199 Ga. App. 609, 610 (405 SE2d 583) (1991) (possession of recently stolen goods raises an inference of theft).

Citing Dennis Clark's trial testimony, appellants nonetheless contend that their convictions should be reversed because the case was based on circumstantial evidence and the state failed to exclude every other reasonable hypothesis except that of their guilt. See OCGA § 24-4-6.

As an initial matter, Dennis Clark's testimony that he was at the crime scene and was aware that the items were being taken was direct evidence of his participation in the crime, even though he may have claimed that his participation was not knowing. Regardless, the jury was authorized to reject Dennis Clark's explanation of his motive and intent on the day in question. *Evans v. State*, 138 Ga. App. 460 (1) (226 SE2d 303) (1976). Furthermore,

> [q]uestions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence[.] [W]here the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law.

*Robles v. State*, 277 Ga. 415, 417 (1) (589 SE2d 566) (2003). There was ample evidence to authorize the jury's decision to reject Dennis Clark's version of events and to convict the appellants of the crimes charged. See *Dawson v. State*, 271 Ga. App. 217, 218-219 (1) (609 SE2d 158) (2005); *Sexton*, 268 Ga. App. at 737-738 (1) (d); *Fowler v. State*, 246 Ga. App. 639, 640 (541 SE2d 447) (2000); *Williams v. State*, 205 Ga. App. 397 (1) (422 SE2d 438) (1992).

2. The appellants further argue that the verdict rendered by the jury was illegal because their convictions for burglary at the 2365 address and theft by receiving property taken from that residence are mutually exclusive.[4] Based upon the facts of this case, we must agree.

A verdict is mutually exclusive "where a guilty verdict on one count logically excludes a finding of guilt on the other." *Jackson v. State*, 276 Ga. 408, 410 (2) (577 SE2d 570) (2003). "Mutually exclusive verdicts, which cannot both stand, result in two positive findings of fact which cannot logically mutually exist." Id. at n. 3.

Here, the theft by receiving conviction involved property taken in the burglary of the 2365 address. By convicting the appellants of the crime of burglary at the 2365 address, the jury necessarily found that appellants were at least accomplices in that crime. The jury also necessarily found that the stolen goods found in the automobile and which were in the defendant's possession were taken in the burglary. As such, appellants were principals in the theft of those items. See *Gray v. State*, 260 Ga. App. 197, 198 (1) (581 SE2d 279) (2003) (presence in an area that had been burglarized in conjunction with possession of goods that had been stolen from that area supports a finding of theft by taking); *Dunn v. State*, 245 Ga. App. 847, 847-848 (539 SE2d 198) (2000) (an accomplice in a burglary is guilty as a principal).

Yet, one cannot be a principal thief of stolen property and at the same time be convicted of theft by receiving the same property. See *Phillips v. State*, 269 Ga. App. 619, 631 (10) (604 SE2d 520) (2004) (noting that the crimes of theft by taking and theft by receiving are so mutually exclusive that the thief and the receiver cannot even be accomplices). See also *Ingram v. State*, 268 Ga. App. 149, 151-152 (5) (601 SE2d 736) (2004); *Thomas v. State*, 261 Ga. 854, 855 (1) (413 SE2d 196) (1992). "The essence of the crime of receiving stolen property is that the defendant, with knowledge of the facts and without intent to return it to the owner, bought or obtained property which had been stolen by some person other than the defendant." (Emphasis omitted.) *Clark v. State*, 144 Ga. App. 69, 70 (240 SE2d 270) (1977).

Consequently, under the facts and circumstances of this case, we must reverse for a new trial the appellants' convictions on the crimes of burglary and theft by receiving as to the 2365 address. See *Phillips*, 269 Ga. App. at 631 (10); *Ingram*, 268 Ga. App. at 151-152 (5);

---

[4] A "defendant who does not object to [an] erroneous charge can still raise the mutually exclusive verdicts issue on appeal . . . , because the judgment entered on a mutually exclusive verdict is deemed void." *Flores v. State*, 277 Ga. 780, 787 (596 SE2d 114) (2004) (Carley, J., concurring).

*Thomas*, 261 Ga. at 855 (1). Their convictions for the burglary of the 2375 residence remain intact.[5]

3. Lastly, Kenny Clark argues that the trial court committed reversible error by failing to grant a mistrial following the admission of alleged bad character evidence by a state's witness. After the trial court denied Clark's motion for a mistrial, the trial court offered to give a curative instruction, which Clark declined. Clark thereafter failed to renew his motion for mistrial. Consequently, this issue is waived on appeal. *Adams v. State*, 276 Ga. App. 319, 321 (2) (623 SE2d 525) (2005); *Owens v. State*, 250 Ga. App. 61, 62 (550 SE2d 464) (2001).

*Judgment affirmed in part and reversed in part, and case remanded. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 14, 2008.

*David P. Smith*, for appellant (case no. A07A1817).
*Frederick M. Scherma*, for appellant (case no. A07A2125).
*Patrick H. Head, District Attorney, John R. Edwards, Ann B. Harris, Assistant District Attorneys*, for appellee.

---

[5] Kenny Clark received a sentence of twenty years in confinement on each burglary count, to run concurrently; Dennis Clark received a sentence of fifteen years – ten years to serve and five years on probation – on each burglary count, to run concurrently.