**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 20, 2020**

# In the Court of Appeals of Georgia

A19A1828. TURNER v. THE STATE.                              CO-063C

COOMER, JUDGE.

Following a jury trial, Xavius Turner was convicted of two counts of theft by receiving stolen property (Counts 3 and 7), one count of armed robbery (Count 4), and one count of battery (Count 6).[1] Turner filed a motion for new trial, which the trial court denied. On appeal, Turner contends that the verdict finding him guilty of both armed robbery in Count 4 and theft by receiving in Count 7 was barred because those crimes were mutually exclusive. We agree. Consequently, we reverse his convictions of theft by receiving (Count 7) and armed robbery.

---

[1] In a single indictment, Turner was charged with crimes related to two separate robberies. The jury acquitted Turner of the charges involving the first robbery, except for one count of theft by receiving for disposing of the first victim's purse (Count 3). The facts and charges involving the first robbery have not been challenged and thus are not relevant to the instant appeal.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the trial evidence shows that on February 26, 2017, the female victim was exiting her vehicle at an apartment complex parking lot when Turner approached her from behind and attempted to grab her purse. When the victim refused to relinquish possession of her purse, Turner put a gun to the victim's head and demanded the purse. The victim refused Turner's demand. Turner then slapped the victim's face, which caused the victim to let go of her purse. After snatching the victim's purse, Turner fled from the scene in a white Nissan Altima.

Although Turner wore a black hoodie and bandana covering his mouth, the victim testified that she was able to see a part of Turner's face during the incident. The victim called police to report the incident and provided the responding officer Turner's physical description as the perpetrator.

When the victim's purse was stolen, it contained her old cell phone that she no longer used. The investigating officer obtained the serial number of the cell phone and traced it through a pawn database to an ecoATM location where the cell phone had been pawned. The ecoATM machine required that anyone depositing a phone provide identification in the form of a signature, thumb print, and a scanned driver's license. The ecoATM machine also functioned to take photographs of the depositor

2

from three different angles. When Turner deposited the victim's cell phone, he provided his own driver's license and his photograph was taken. The investigating officer obtained Turner's identification and photograph from a report generated by the ecoATM system.

The victim's stolen purse was recovered from the premises of a different apartment complex. Although several of the victim's belongings were still in the purse, the victim noticed that her cell phone and $300 were missing.

As part of the investigation, the investigating officer conducted surveillance outside of Turner's residence. The investigating officer observed Turner driving a white Nissan Altima matching the description that had been provided by the victim. The investigating officer also obtained a search warrant for Turner's residence. Upon executing the search warrant, the investigating officer discovered a ski mask and the victim's cell phone case matching the descriptions that the victim had provided. At trial, the victim identified Turner as the perpetrator of the armed robbery.

Turner was arrested, charged, and convicted of several crimes related to the second incident. Following the denial of his motion for new trial, Turner filed the instant appeal, contending that he could not be convicted of both armed robbery

(Count 4) and theft by receiving (Count 7) because those crimes were mutually exclusive. Turner's argument is correct.

Where, as here, "the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, we review de novo the trial court's application of the law to undisputed facts." *Garrett v. State*, 306 Ga. App. 429, 429 (702 SE2d 470) (2010) (citation omitted). "A verdict is mutually exclusive where a guilty verdict on one count logically excludes a finding of guilt on the other. Mutually exclusive verdicts, which cannot both stand, result in two positive findings of fact which cannot logically mutually exist." *Clark v. State*, 289 Ga. App. 612, 616 (2) (658 SE2d 190) (2008) (citation and punctuation omitted). Our Supreme Court has explained that "[t]he offense of theft by receiving is intended to catch the person who buys or receives stolen goods, as distinct from the principal thief. An essential element of the crime of theft by receiving is, that the goods had been stolen by some person other than the accused." *Thomas v. State*, 261 Ga. 854, 855 (1) (413 SE2d 196) (1992) (citations and punctuation omitted). A "conviction under OCGA § 16-8-7 contains an implicit and necessary finding that [a defendant] was not the individual who stole the [property]." *Bonner v. State*, 339 Ga. App. 539, 545 (794 SE2d 186) (2016) (physical precedent only).

4

We note that the 1969 Criminal Code enacted the present language defining the theft by receiving offense as occurring when a defendant "receives, disposes of or retains stolen property." Ga. Laws 1968, p. 1249. But our precedent confirms that the addition of this language "was not intended to alter the fact that the heart of the crime is guilty possession by someone who is not the thief." *Ingram v. State*, 268 Ga. App. 149, 152 (5) (601 SE2d 736) (2004) (citation and punctuation omitted). See also *Sosbee v. State*, 155 Ga. App. 196, 197 (270 SE2d 367) (1980) (holding that theft by receiving, in the context of a defendant's disposal of stolen property, "is intended to catch the person who buys or receives stolen goods, as distinct from the principal thief."). Moreover, this Court has recently held that "theft by receiving by retaining stolen property is treated in the same manner as theft by receiving or *disposing of* stolen property for purposes of determining whether crimes are mutually exclusive." *Bonner*, 339 Ga. App. at 542 (physical precedent only; emphasis supplied).[2]

---

[2] Although the State seeks a statutory interpretation that would create an exception to the rule of mutual exclusivity for theft by receiving by disposing of the stolen property, we decline to draw the requested distinction. As established by *Thomas* and this Court's precedents, the provision of different manners in which the theft by receiving offense can be committed (i.e., receiving, disposing of, or retaining stolen property) was not intended to alter the fact that an essential element of the crime is that the goods were stolen by some person other than the accused. See *Thomas*, 261 Ga. at 855 (1); *Sosbee*, 155 Ga. App. at 197; *Ingram*, 268 Ga. App. at 152 (5). "Our decision is reinforced by subsection (b) of [OCGA] § 16-8-7, which

Consequently, the established rule is that a defendant cannot be convicted of theft by receiving based on his disposition of property that he had already stolen. See *Thomas*, 261 Ga. at 855 (1); *Clark*, 289 Ga. App. at 616 (2); *Ingram*, 268 Ga. App. at 152 (5); *Sosbee*, 155 Ga. App. at 197.

Here, the theft by receiving conviction at issue involved the victim's purse and cellphone, which were taken during the armed robbery. By finding Turner guilty of armed robbery, the jury necessarily found that Turner was the person who had stolen the victim's purse and cellphone during the armed robbery.[3] As such, Turner was the principal in the theft of the stolen property. But, as set forth above, our precedent consistently holds that "one cannot be a principal thief of stolen property and at the same time be convicted of theft by receiving the same property." *Clark*, 289 Ga. App. at 616 (2). See also *Thomas*, 261 Ga. at 855 (1); *Sosbee*, 155 Ga. App. at 197. Because the crimes were mutually exclusive, we reverse Turner's convictions on the

states that '[i]n any prosecution under this Code section it shall not be necessary to show a conviction of the principal thief.' Subsection (b) shows that the legislative intent of subsection (a) was to prosecute someone other than the principal thief." *Ingram*, 268 Ga. App. at 152 (5).

[3] The victim testified that the cellphone at issue was inside of her purse at the time of the armed robbery. As such, when Turner stole the victim's purse, he also stole her cellphone.

6

crimes of armed robbery in Count 4 and theft by receiving in Count 7. Turner's convictions for theft by receiving in Count 3 and battery in Count 6 remain intact. See *Clark*, 289 Ga. App. at 616-617 (2).

*Judgment affirmed in part and reversed in part, and case remanded. Doyle, P. J., and Markle, J., concur.*